### BOROVITZ v. AMERICAN HARD RUBBER CO.

(District Court, N. D. Ohio, E. D.    March 10, 1923.)

#### No. 11696.

1. **Death ⬡═39—Under Ohio statute, right to recover for death expires at end of time in which action is permitted.**

   Under the wrongful death statute (Gen. Code Ohio, §§ 10772, 10773—1) the remedy for wrongful death is a part of the right itself, and, if not enforced within the time fixed, the right expires and is not merely suspended.

2. **Limitation of actions ⬡═113—Running of time against action by alien enemies for death is suspended by war.**

   Gen. Code Ohio, § 10773—1, requiring an action for wrongful death to be brought within two years after death occurred, is subject to an implied exception excluding from computation of the period, in an action on behalf of alien enemies, the period of the war.

⬡═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Limitation of actions ⬡➡113—Fact administrator is nominal plaintiff in action for death does not prevent suspension by war, if beneficiaries are alien enemies.**

The fact that the nominal plaintiff under the Ohio statute in an action for wrongful death is the administrator does not prevent the period of the war from being excluded in computing the two years within which the action must be brought, where the beneficiaries for whom recovery is permitted, and who are real parties in interest, were alien enemies, since they alone would have an interest in such recovery, which would lead to the appointment of an administrator and the institution of the action.

At Law. Action by M. Borovitz, administrator of the estate of Pete Butorac, deceased, against the American Hard Rubber Company. On defendant's demurrer to the petition. Demurrer overruled.

Michael Cerrezin, of Cleveland, Ohio, for plaintiff.

Commins, Brouse, Englebeck & McDowell, of Akron, Ohio, for defendant.

WESTENHAVER, District Judge. The question presented on this demurrer is the effect of the state of war between the United States and Austria-Hungary upon the two-year limitation imposed by the wrongful death statute of Ohio. Gen. Code Ohio, §§ 10772 and 10773 —1. These sections require an action for wrongful death to be commenced within two years after the date of the death, but, if so commenced or attempted to be commenced within two years, and it fails otherwise than upon the merits, and the two years have expired, a new action may be commenced within a year after the date of such failure.

Plaintiff's decedent met his death June 28, 1917, while employed by defendant at Akron, Ohio. His beneficiaries were his widow and two infant children, all of whom at the date of his death were, and ever since have been, in Austria-Hungary. No administrator was appointed or qualified until peace was officially made and declared, and this action was not commenced until October 25, 1922. War between the United States and Austria-Hungary was declared December 17, 1917. The President's proclamation of peace was issued November 17, 1921, but Congress had in the meantime, July 2, 1921, passed a joint resolution (42 Stat. 105) declaring the war at an end. It is immaterial whether the date of that joint resolution or the date of the President's proclamation shall be taken as the end of the war, because, if plaintiff's contention is correct, that the war period should be excluded, two years will not in either event have elapsed between the date of death and the commencement of this action.

[1] Defendant concedes that the statute of limitations does not run against alien enemies during the war period, if the action is based on an ordinary commercial transaction, or one like it in which the statute bars merely the remedy. Alien enemies, within this rule, mean persons resident within the territorial jurisdiction of a nation with which the United States is at war. Defendant insists, however, that, when a right as for a wrongful death is given, the remedy is a part of the right itself, and, if not enforced within the time fixed, the right itself

expires, and is not merely suspended, and such, it is asserted, is the nature of the right of action stated in the petition. This is undoubtedly true of the right conferred by the Ohio wrongful death statute. See Railway Co. v. Hine, 25 Ohio St. 629, 634; Railroad Co. v. Fulton, 59 Ohio St. 575, 577, 53 N. E. 265, 44 L. R. A. 520; Collins v. Railway Co., 11 Ohio N. P. (N. S.) 251, affirmed 63 Ohio St. 577, 60 N. E. 1129. Defendant further contends that the right of action under the Ohio wrongful death statute is given, not to the widow or next of kin, but to the personal representative, and that the present plaintiff is and was not at any time since the date of death an alien who might not have sued, and further that the alienage of the widow and next of kin during the period of the war did not prevent the appointment and qualification of an administrator and the prosecution during the war by him of this action. Upon these grounds it is urged that the cause of action stated in the petition is barred.

[2] My conclusion is that defendant's contention cannot be sustained. In my opinion, the alienage and disabilities of the beneficiaries suspended the running of the statute, even in a case of this character, during the war period, and that the usual rule requires an exception to be read into section 10773—1, G. C., and excluding from computation the period of the war. This exception is of the same nature as the one therein contained, to meet the failure of an action otherwise than on its merits.

The authorities need not be reviewed. The general principles are fully and sufficiently set forth in Hanger v. Abbott, 6 Wall. 532, 18 L. Ed. 939. According to the principles of international law, an alien enemy is disabled during the war from seeking redress or communicating with this country; this disability suspends during the war both the right and the remedy; and an exception is, as a result of war, read into all general statutes of limitation to meet the disability created by war. It will be noted that the suspension is not merely of the remedy, but also of the right; that the alien enemy's debt and other property rights may be confiscated, seized, and impounded during a state of war; that the effect upon his right is the same as if it had been seized or impounded during the war and restored to him at the declaration of peace; and that the ordinary rule that a statute of limitation is suspended only when it pertains to the remedy, and is not a part of the right, has in this situation no basis upon which to rest.

Plaintiff cites a recent decision of the Supreme Court of Pennsylvania, filed January 3, 1923, in Siplyak v. James C. Davis, Director General, etc., 119 Atl. 745. The conclusion therein is based on sound reasoning, fully supported by authority, and controls the situation here, with one exception. The alien enemy next of kin was permitted to recover under the Workmen's Compensation Law the compensation payable for death, notwithstanding the period fixed by the statute of limitations had run. The compensation allowed by Workmen's Compensation Acts, accruing to the next of kin as a result of death, is in its nature the same as the compensation recoverable under a wrongful death statute, and this was so declared in the opinion. The only difference in the facts is that the compensation was payable direct to

the alien enemy's beneficiaries, and the right of action was not in a personal representative.

[3] This distinguishing feature is, it seems to me, fully met by Daimler Co. v. Continental Tyre & Rubber Co., English House of Lords, 1916, reported in American & English Ann. Cas. 1917C, 170. There the corporation had been chartered in Great Britain, but all of its directors were alien enemies, and it was held that, even though it was a domestic corporation, it could not sue or be sued during the war, period, because its affairs must of necessity be controlled and directed by a board, the members of which were alien enemies. By analogy this holding seems applicable to the present situation, even if plaintiff had been appointed administrator more than two years before this action was brought. See note to this case, page 204, where are cited certain Canadian cases holding that an administrator cannot sue in a wrongful death case for the benefit of alien enemies. See, also, Crawford v. William Penn, Fed. Cas. No. 3,372, in which it is said by Mr. Justice Washington that a resident trustee cannot sue, if the beneficiaries of the trust are alien enemies.

It is also settled that an administrator under the Ohio wrongful death statute is a mere nominal party, without any interest in the case, and that the recovery is to be measured and determined by the pecuniary losses of the next of kin. See Wolf v. Railway, 55 Ohio St. 517, 45 N. E. 708, 36 L. R. A. 812; Railway v. Hottman, 1 Ohio Cir. Ct. R. (N. S.) 17, affirmed 70 Ohio St. 475, 72 N. E. 1154. Nor are the creditors of the estate, or any other person except the next of kin, interested in the distribution of the recovery. Weidner v. Rankin, 26 Ohio St. 522; Steel v. Kurtz, 28 Ohio St. 191. Moreover, the beneficiaries are so much the real parties in interest that negligence of any one of them, directly contributing to the death, bars his right of recovery. Star Fire Clay Co. v. Budno (C. C. A.) 269 Fed. 508. The widow and next of kin are the persons entitled to qualify as administrator. It is true, other persons may be appointed and qualified under certain conditions, particularly a creditor; but an appointment will not be made unless some interested person makes application for letters of administration.

In a wrongful death case, no person is interested in making or causing such application to be made, except some one of the next of kin. In this case, during all the period of the war, such interested persons could not communicate with any one resident in the United States, nor could any one in the United States communicate with them, so that an application might be suggested, or otherwise. Even if an administrator had been appointed prior to the declaration of war, or during the war, the declaration of war prevented the administrator or other persons from communicating with the next of kin in order to procure evidence of dependency perhaps indispensably necessary to the recovery of more than nominal damages. In this situation it seems clear that no different rule can or ought to be applied in a wrongful death case than is applied in other cases involving ordinary commercial transactions. To do so would not be in accord with sound principles of international comity or international justice.

The demurrer is overruled. An exception may be noted.