**TORAN v. NEW YORK, N. H. & H. R. CO.**

**Civ. A. No. 52-314.**

United States District Court
D. Massachusetts.

Nov. 19, 1952.

John S. Stone, Boston, Mass., for plaintiff.

Noel W. Deering, Boston, Mass., for defendant.

WYZANSKI, District Judge.

Defendant moves for summary judgment on the ground that plaintiff's action has not been timely brought.

March 20, 1952 plaintiff filed a complaint alleging that he, a railroad machinist, was injured August 16, 1947, in the course of his employment, by defendant railroad, and that he was entitled to recover under the Federal Employers' Liability Act, 45 U.S. C.A. § 51 et seq. Defendant's answer pleaded that plaintiff is not entitled to maintain this action because he had not complied with 52 Stat. 1404, 45 U.S.C.A. § 56, which provides that "No action shall be maintained under this act unless commenced within three years from the day the cause of action accrued." Plaintiff answered that he "was fraudulently induced not to bring his action within the" three year period "by reason of false representations of fact made by the defendant to the plaintiff."

There is a division of authority on the issue whether after the lapse of the statutory three year period a plaintiff's cause of action is irretrievably lost. Supporting the view that prompt presentation is an unalterable condition precedent to the enforcement of the employee's right under the FELA are Damiano v. Pennsylvania R. Co., 3 Cir., 161 F.2d 534; Bement v. Grand Rapids & Ry. Co., 194 Mich. 64, 160 N.W. 424, L.R.A.1917E, 322; and Morrison v. Baltimore & Ohio R. Co., 40 App.D.C. 391. The contrary view, to the effect that the limitation period may be tolled by equitable considerations such as the type of fraud here alleged by plaintiff, has been held with specific reference to the FELA by Scarborough v. Atlantic Coast Line R. Co., 4 Cir., 178 F.2d 253, 15 A.L.R.2d 491. Other authorities on each side of the question, though generally in relation to other statutes, are collated in the note in 15 A.L.R. 2d 500.

■■■ I have determined, for the following reasons, to adopt the second view, and to hold that the commencement of the action within three years after its accrual is not an indispensable essential to a Court's jurisdiction of plaintiff's claim, nor a condition precedent to the judicial recognition of plaintiff's asserted right, but that, on the contrary, the Court has jurisdiction, and plaintiff's asserted right should be recognized, if (in addition to other necessary elements) plaintiff proves that his failure to sue within three years has been due, as he says, to defendant's fraud.

1. The words of the statute do not give a plain command. There is not here, as, for example, in the Hepburn amendment to the Interstate Commerce Act, 49 U.S. C.A. § 16, considered in A. J. Phillips v. Grand Trunk Western Ry., 236 U.S. 662, 666, 667, 35 S.Ct. 444, 59 L.Ed. 774, a direction that "all complaints * * * shall be filed * * * within two years from the time the cause of action accrues, and not after." (Emphasis added.) (Compare Midstate Horticultural Co. v. Pennsylvania R. Co., 320 U.S. 356, 64 S.Ct. 128, 88 L. Ed. 96 (interpreting § 16(3) (a) of the Interstate Commerce Act, 49 U.S.C.A. § 16(3) (a); United States ex rel. Nitkey v. Dawes, 7 Cir., 151 F.2d 639 (interpreting the Informer's Act, R.S. § 3494, 31 U.S.C.A. § 235).) Unlike the situations just cited, in § 6 of the FELA, Congress did not use the familiar formula which has been repeatedly held not merely to bar the remedy, but also to destroy the liability.

2. The broad policy of the FELA is to create for a railroad employee injured through his employer's negligence a cause of action under federal law which would be at least as generous as the typical state common-law cause of action available to other types of employees. Indeed, the federal cause of action is, as shown by statutory provisions governing contributory negligence, voluntary assumption of risk, and fault of a fellow servant, and as evidenced by the judicial trend to enlarge the freedom of a jury to draw inferences, far more favorable to a plaintiff-employee than the usual state common-law cause of action. It would, therefore, be anomalous if the federal law was less favorable than the state law to a defrauded employee. Yet, it is clear under state law that limitations of negligence actions are usually construed as subject to an exception benefitting a defrauded plaintiff. The defendant is, as the cases say, "estopped" from raising the

defense of the statute of limitations. Illustrative of this state rule is Bergeron v. Mansour, 1 Cir., 152 F.2d 27.

3. In addition to its general liberality toward railroad employees there are other indications that the Congress which enacted the FELA would have embraced this state "equitable estoppel" exception. That same Congress, seeking to prevent railroad employees from being victimized, declared void "Any contract * * * or device whatsoever [presumably including a fraudulent representation], the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability". 35 Stat. 66, 45 U.S.C.A. § 55. And that and other provisions of the Act have been interpreted as precluding carriers from benefitting from releases they secured from deceived or overreached employees. Dice v. Akron, C. & Y. R. Co., 342 U.S. 359, 72 S.Ct. 312; Camerlin v. New York Central R. R. Co., 1 Cir., 1952, 199 F.2d 698. A Congress which refused to allow a railroad employee to lose his right as a result of a fraudulently procured release, presumably did not expect a railroad employee to lose his right as a result of a fraudulently induced delay in bringing suit.

4. The probable Congressional purpose in inserting a period of limitation in the FELA was not to expunge plaintiff's right absolutely at the end of 2 (now 3) years, but to avoid a multiplicity of different state statutory periods, which would govern in the absence of a federally prescribed limitation, Campbell v. City of Haverhill, 155 U.S. 610, 15 S.Ct. 217, 39 L.Ed. 280, and to have one uniform statutory period for the nation. Engel v. Davenport, 271 U.S. 33, 39, 46 S.Ct. 410, 70 L.Ed. 813; Osbourne v. United States, 2 Cir., 164 F.2d 767, 769; H.Rep. on FELA of 1908, reprinted in 2 Roberts, Federal Liabilities of Carriers 1319 (2d Ed.1929). The Congressional intent to secure such national uniformity of treatment is not adversely affected by recognizing, also on a national basis, the customary equitable estoppel exception to periods of limitation governing personal injury actions.

5. To allow defrauded plaintiffs in personal injury actions under the FELA to toll the periods of limitation prescribed by § 6 of the FELA is not inconsistent with Midstate Horticultural Co., Inc. v. Pennsylvania R. Co., 320 U.S. 356, 64 S.Ct. 128, 88 L.Ed. 96. That case interpreted other railroad legislation as precluding a shipper from benefitting from an agreement with a carrier to enlarge the limitation period. Where statutory periods are extended in favor of shippers by carriers, such extensions may have deep repercussions upon the rate structure and may adversely affect the nondiscriminatory treatment contemplated by railroad regulation. No such widespread effects would follow from permitting § 6 of the FELA to be tolled in those few cases where an injured employee's delay in suing was attributable to the carrier's fraud.

6. There is no proper ground for arguing that Congress by its silence has acquiesced in, or by its re-enactment of § 6 has endorsed, a judicial interpretation of § 6 which absolutely expunges the right of an injured employee who has been fraudulently induced not to sue within the prescribed period. First, there have been very few decisions which construed § 6 in cases where fraud was alleged. [Some cases under the FELA and others under comparable statutes (such as Pillsbury v. United Eng. Co., 342 U.S. 197, 72 S.Ct. 223, so heavily relied upon by the defendant) are concerned not with a defrauded plaintiff, but merely with a dilatory plaintiff.] Second, even those few cases which have squarely faced the issue would not normally have been drawn to Congressional attention. Neither the ICC nor any other agency keeps Congress posted upon judicial interpretations of the FELA, in the same manner, as, for illustration, the Bureau of Internal Revenue keeps Congress current on tax rulings by the Courts. Third, when in 1939 Congress by 53 Stat. 1404 extended the limitation period from a 2 to a 3 year maximum, H.Rep. No. 1463, 76th Cong., 1st Sess. 4 (1939) does not disclose that its members were informed of such case law as there was on the subject of equitable estoppel or on the effect of § 6 on defrauded plaintiffs.

7. While there are broad statements that where a statute creates a cause of action unknown at common law, a period of limitation set up in the same statute is a matter of limiting the right as well as the remedy, with the consequences that the filing of a complaint within the prescribed period is an absolute precedent to recovery, and the cause of action is extinguished after the running of the period, such statements ought not to govern this case. First, the statements often, though not invariably, come from cases where no fraud was alleged. Second, the statements often, though not invariably, are made in connection with an entirely novel cause of action. Here the cause of action is new in the sense that it is under federal, not state, law, and deprives the carrier of certain defenses it had at common law. But the cause of action, as already stated, is closely akin to the familiar common-law action of an employee against his negligent employer —an action where fraud tolls the statute of limitations. Third, most of the cases—though Damiano v. Pennsylvania R. Co., 3 Cir., 161 F.2d 534, is an exception—preceded the markedly favorable treatment given to tort plaintiffs by the Supreme Court and other federal courts in recent years. The decisions in Scarborough v. Atlantic Coast Line Ry., 4 Cir., 178 F.2d 253, and Osbourne v. United States, 2 Cir., 164 F.2d 767, the reasoning in Grossman v. Young, D.C.S.D.N.Y., 72 F.Supp. 375, and the comments in 63 Harv.L.Rev. 711, 7 Wash. & Lee L.Rev. 237, 2 Stanford L. Rev. 793, 36 Va.L.Rev. 104, and Note, 15 A.L.R.2d 500, seem to me properly to depict not merely the present trend of federal law, but the doctrine most likely to prevail in the courts above me.

In the light of the foregoing discussion, I deny the motion to dismiss; but, in accordance with Fed.Rules Civ.Proc., Rule 42 (b), 28 U.S.C.A., and to avoid the inconvenience of a perhaps unnecessarily lengthy trial, and also to avoid prejudice from a jury simultaneously faced with issues of negligence and damage and with issues of fraud, I direct that there shall be, in advance of the trial of any other issue, a separate trial by jury of the issue tendered by defendant's third defense and plaintiff's answer thereto—that is, the issue involving defendant's alleged fraudulent inducement to plaintiff to delay his action.

Motion denied.