## SCARBOROUGH v. ATLANTIC COAST LINE R. CO.

No. 6511.

United States Court of Appeals Fourth Circuit.

Argued Jan. 5, 1953.

Decided Feb. 17, 1953.

George E. Allen, Richmond, Va. (Allen, Allen, Allen & Allen, Richmond, Va., on brief), for appellant.

John S. Davenport, III, Richmond, Va. (George B. Little and Denny, Valentine & Davenport, Richmond, Va., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This is the third appeal in this case. The first involved the question of whether misrepresentations would toll the Statute of Limitations in a case controlled by the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. At the first trial, the District Court dismissed the action upon the ground that the statute pleaded was of the substantive type and could not be tolled by misrepresentations which induced the plaintiff to defer the bringing of his action beyond the statutory period. We reversed. 4 Cir., 178 F.2d 253, certiorari denied 339 U.S. 919, 70 S.Ct. 621, 94 L.Ed. 1343.

At the second trial, the District Court seems to have adopted, as the controlling principle, the rule that the plaintiff, in addition to proving the misrepresentations as alleged, had also to prove that the claim agent, who made the representations, made them with the intent to deceive or mislead the plaintiff. The application of this rule resulted in a directed general verdict for the defendant on the merits of the case. We reversed again. 4 Cir., 190 F.2d 935.

At the third trial, the District Court, so the appellant contends, charged the jury in such a manner as to confuse the jury upon the question of whether the railroad company, through its claim agent, had to be found guilty of fraud before the plaintiff could avoid the bar of the Statute of Limitations. This resulted in a verdict:

"We, the jury, find that the plaintiff has forfeited his right to sue under the Statute of Limitations."

This verdict was reformed to meet the requirements of a general verdict in favor of the defendant, at the direction of the court. The plaintiff has appealed to us.

We think this contention of the plaintiff is correct. It seems clear that the District Judge either charged the jury that the plaintiff must prove fraud on the part of the claim agent, Smith, to toll the running of the statute of limitations; or else that the jury was utterly confused on this phase of the case by the District Judge's charge.

Thus, we quote (italics ours), parts of the charge:

" * * * the plaintiff contends, that such representation by Mr. Smith, coupled with his reliance thereon, excuses him from bringing the suit earlier and that to apply the time limit provided by the Act against him would result in *perpetrating a fraud* against him; that is, he claims that if this time limit is applied against him, he will be deprived of his right against the defendant as the result of the *wrongful act* of the defendant, acting through its representative, Mr. Smith. The defendant denies that it has done any act which would *operate as a fraud* upon the plaintiff, * * *.

\* \* \* \* \* \*

" * * * If you believe that the statement or representation was made with disregard of the rights of the plaintiff, then the defendant would be guilty of perpetrating a *fraud* upon the plaintiff, * * *.

\* \* \* \* \* \*

"Since the issue is *one involving fraud,* such facts must be shown not only by the greater weight or preponderance of the evidence, but they must be shown by proof which is clear and convincing."

After the jury had received the charge of the Court and retired to consider their verdict, they returned to the courtroom and the following colloquy ensued:

The Court: "Ladies and gentlemen, I understand from the Marshal that there is some question that you wanted to ask me with respect to the charge."

A Juror: "Your Honor, sir, we did not have time, really, to get our question together before you asked us to return. We were debating over a fact in there as to the *charge of fraud.* That word seems to be in the minds of several of the jurymen and we would like to get that clarified."

Another Juror: "*Fraud* on the part of the railroad in Mr. Smith's statement." (Italics ours.)

The charge was then transcribed and the original and a carbon copy of the charge was delivered to the jury. The jury retired, again returned and a juror asked the court: "Does the railroad have to be *guilty of fraud* before the plaintiff has a case?" (Italics ours.) And the juror referred to a part of the charge dealing with fraud, with the statement: "I am not quite clear on that." The District Judge then read again to the jury what he characterized as "this portion (of the charge) which seems to be giving you some trouble."

A conference between counsel and the District Judge, out of the hearing of the jury, then ensued, at which counsel for plaintiff insisted: "I think the Court should tell the jury that the railroad does not have to be guilty of any fraud." The District Judge stated: "I will let it (the charge) stay like it is." When proceedings were resumed before the jury, again a juror asked: "If we have got to consider that there was no fraud committed, then the plaintiff has no case; is that true?" The District Judge then read again to the jury a part of his charge.

After the jury retired again, the District Judge inquired of counsel: "Do you gentlemen have any objection to the last statement I made to the jury?" Counsel for plaintiff again objected and said: "The word 'fraud' ought not to have been mentioned in the case at all." Whereupon the District Judge replied: "I shall not amend the statement made to the jury." Later, the jury returned its verdict: "We, the jury, find that the plaintiff has forfeited his right to sue under the Statute of Limitations."

■ From all of this, two things seem transparently clear: (1) the jury was obviously confused on whether it was essential for the plaintiff to prove fraud on the part of the claim agent; and (2) the District Judge did not clear up this confusion; for, instead of answering directly the questions of the jurors, he merely read again his charge in which, as we have seen, the word "fraud" several times appeared. This, we think, constituted reversible error.

■ In our second opinion in this case, 190 F.2d at pages 940, 941, we thought we had declared that it was not necessary for the plaintiff to prove fraud on the claim agent's part, when we stated:

"While the fact that Smith had received the information in this way was probably thought by the jury sufficient to exculpate him of intentional fraud, it emphasizes the importance of the rule which grants relief against misrepresentations of this sort relied upon by the persons to whom they are made, whether made with intent to defraud or not. When the Company's Claim Agent made such representation relying on what had been told him by his Division Counsel, and claimant relied upon the statement, the Company should not be allowed to escape responsibility therefor on the ground that the agent had no fraudulent intent."

This issue should be squarely left to the jury under an instruction that if the claim agent, Smith, made the erroneous statement to the plaintiff as to the statute of limitations, with the intention that plaintiff would rely on the statement, and, if also, the plaintiff actually relied on this statement, delaying the institution of suit by virtue of such reliance, then this would effectually toll the running of the statute of limitations. There is no occasion for the use of the word "fraud" in this instruction.

This distinction between fraud and misstatement as to the claim agent's conduct is vitally important in the instant case; for plaintiff's counsel in their brief state: "So it is apparent that Smith (the claim agent) was not only not guilty of any fraud, but that, according to the evidence, he was acting in the highest good faith towards the Scarboroughs." And again: "Mr. Scarborough (Senior) was asked on cross examination whether he thought Smith tried to mislead him and his son (the plaintiff); and he (Scarborough, Senior) said: 'No, I certainly did not. I never had any more confidence in one man in my life, than I had in Mr. Smith.' "

In Callen v. Pennsylvania Railroad Co., 332 U.S. 625, 630, 68 S.Ct. 296, 298, 92 L. Ed. 242, Mr. Justice Jackson stated:

"One who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity, either by fraud practiced upon him or *by a mutual mistake under which both parties acted.*" (Italics ours.)

Counsel for defendant rely heavily upon the recent case of Dice v. Akron, Canton and Youngstown Railroad Co., 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398. We find nothing in that case to disturb the conclusions we have reached. There the only question raised was the invalidity of the release on the ground of fraud. No question of misstatement was involved, and there is nothing in the opinion to indicate that misstatement would not be sufficient (under proper circumstances) to invalidate the release. Indeed, Mr. Justice Frankfurter in his concurring opinion in the Dice case, 342 U.S. at page 369, 72 S.Ct. at page 318, 96 L.Ed. 398, quoted with approval the excerpt from the Callen case set out above.

■ The Dice case also makes two other points crystal clear. One point is that, as to the avoidance of the statute of limitations, the federal law governs, not the State law. The second point is that even as to fraud (and it would seem, *a fortiori,* as to misstatement), this need be proved by the plaintiff only by a preponderance of the evidence. And, as we have pointed out, the District Judge in our case told the jury: "Since the issue is one involving fraud, such facts must be shown not only by the greater weight or preponderance of the evidence, but they must be shown by proof which is clear and convincing."

■ Counsel for plaintiff contend that we should send this case back to the District Court with directions that, as to the issue of the Statute of Limitations, judgment should be entered in favor of the plaintiff, thereby withdrawing this issue completely from the jury. As we indicated in our second opinion in this case, 190 F. 2d at page 941, this we cannot do. The intent of the claim agent that his statement should be relied on by plaintiff and the plaintiff's reliance thereon in delaying the institution of suit, are questions for the jury under proper instructions which have already been set out. Nor can we, as counsel for plaintiff request, direct a verdict for plaintiff on the question of the railroad's liability, on the ground that the railroad was guilty of negligence as a matter of law so that the only question submitted to the jury would be the quantum of damages to be awarded to the plaintiff.

For the reasons stated, the judgment of the District Court is reversed and the case is remanded to that Court with directions to grant a new trial, to be conducted in accord with this opinion.

Reversed and remanded for new trial.