Michael GLUS, Plaintiff,

v.

BROOKLYN EASTERN DISTRICT TERMINAL, Defendant.

United States District Court
S. D. New York.

Sept. 25, 1957.

Seymour Schwartz, New York City, for plaintiff.

Thomas P. Curtin, St. Louis, Mo., for defendant.

FREDERICK van PELT BRYAN, District Judge.

This is an action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages for an industrial disease allegedly contracted by plaintiff in 1952 as a result of working under unsafe conditions while employed by the defendant.

Defendant now moves to dismiss the complaint under Rule 12(b) (6), Fed. Rules Civ.Proc., 28 U.S.C., on the ground that it appears from the face of the complaint that the action has not been timely brought.

■ The statute of limitations may be raised on a motion to dismiss the complaint where it appears from the face of the complaint that the action was not commenced within the statutory period. Kincheloe v. Farmer, 7 Cir., 214 F.2d 604; Panhandle Eastern Pipe Line Co. v. Parish, 10 Cir., 168 F.2d 238; Berry v. Chrysler Corp., 6 Cir., 150 F.2d 1002; Drabkin v. Gibbs & Hill, D.C.S.D.N.Y., 74 F.Supp. 758, 762; Sinclair v. United States Gypsum Co., D.C.W.D.N.Y., 75 F. Supp. 439, 442. Plaintiff's contention to the contrary is mistaken.

Section 6 of the Federal Employers' Liability Act, 45 U.S.C.A. § 56, provides:

"No action shall be maintained under this Act unless commenced within three years from the day the cause of action accrued."

The present action was commenced on May 2, 1957, concededly more than three years after the cause of action accrued. However, the complaint alleges in paragraph 9:

"9. Subsequent thereto defendant's agents, servants and employees fraudulently or unintentionally mistated to plaintiff that he had seven years within which to bring an action against said defendant as a result of his industrial disease and in reliance thereon plaintiff withheld suit until the present time."

Plaintiff contends that if these allegations are taken to be true, as they must be on this motion, the three year statute of limitations in the Act has been tolled by the defendant's fraud or misrepresentations.

The question presented is whether a cause of action under the Federal Employers' Liability Act is irretrievably lost upon the expiration of the three year period of limitation in Section 6 of the Act, or whether the right which the plaintiff asserts remains alive if plaintiff's failure to sue within three years is brought about by defendant's fraud.

The cases are in sharp conflict on this question.

■ There has long been a distinction drawn between ordinary statutes of limitation and time limitations prescribed in statutes which create the liability and confer the right of action. Where the time limitation is an integral part of the statute creating the substantive right, the time for commencing the action prescribed in the statute is not extended by reason of fraud or concealment which might work an extension of ordinary statutes of limitation. Pollen v. Ford Instrument Co., 2 Cir., 108 F.2d 762; Bell v. Wabash Ry. Co., 8 Cir., 58 F.2d 569, 571; Sgambati v. United States, 2 Cir., 172 F.2d 297, certiorari denied 337 U.S. 938, 69 S.Ct. 1514, 93 L. Ed. 1743; United States ex rel. Nitkey v. Dawes, 7 Cir., 151 F.2d 639, certiorari denied 327 U.S. 788, 66 S.Ct. 808, 90 L.

Ed. 1015; Larson v. Port of New York Authority, D.C.S.D.N.Y., 17 F.R.D. 298, 300.

One line of cases holds that the Federal Employers' Liability Act is such a statute creating a substantive right, and that Section 6 is a "built in" statute of limitations. The filing of the complaint within three years after the cause of action accrued is therefore held to be a condition precedent to recovery, the cause of action is extinguished after the running of that period, and the period cannot be extended by the claimant's inability to sue by reason of infancy or insanity or by delay caused by defendant's fraud or concealment. Damiano v. Pennsylvania R. Co., 3 Cir., 161 F.2d 534, certiorari denied 332 U.S. 762, 68 S.Ct. 65, 92 L.Ed. 348; American R. Co. of Porto Rico v. Coronas, 1 Cir., 230 F. 545, 546, L.R.A.1916E, 1095; Bell v. Wabash Ry. Co., supra; Ahern v. South Buffalo Ry. Co., 303 N.Y. 545, 563, 104 N.E.2d 898, affirmed 344 U.S. 367, 73 S.Ct. 340, 97 L.Ed. 395. Cf. Central Vermont Ry. v. White, 238 U.S. 507, 511, 35 S.Ct. 865, 59 L.Ed. 1433.

This view was expressed by the Court of Appeals of this Circuit in Osbourne v. United States, 2 Cir., 164 F.2d 767, 768, as follows:

"Generally, where a statute creates a cause of action which was unknown at common law, a period of limitation set up in the same statute is regarded as a matter of substance, limiting the right as well as the remedy. Filing a complaint within the prescribed period is a condition precedent to recovery, and the cause of action is extinguished after the running of the period. The general rule, developed chiefly with respect to the Federal Employers' Liability Act, §§ 1–10, 45 U.S.C.A. §§ 51–60, has been applied also to the period of limita-

tions in the Jones Act, which incorporates the period in the Employers' Liability Act, and to the Suits in Admiralty Act. The practical results of the application of this rule have been * * * that the period of limitation under any of these Acts will not be extended, as it would be in the case of an ordinary statute of limitations, by a claimant's disability to sue because of infancy or insanity or by a delay occasioned by the fraud of the defendant * * *."

However, the language just quoted is not a holding of the court but is *dictum*. In Osbourne, the plaintiff sued to recover for injuries suffered prior to December 8, 1941, through the alleged negligence of the owners of the vessel on which he was employed as a crew member. On December 8, 1941 he and the rest of the crew were interned by the enemy. He returned to this country in October 1945 and commenced suit on July 31, 1946. The respondent excepted to the libel on the ground that it had not been filed within the two year period of limitations permitted under the Suits in Admiralty Act, 46 U.S.C.A. § 745, or the three year period under the Jones Act, 46 U.S.C.A. § 688. The court held that since the plaintiff had been denied access to the courts during the period of his internment, both his rights and his remedies had been suspended during that period, and that the statute of limitations was tolled during the time that the courts were thus inaccessible to him, whether the statute was substantive or procedural.[1]

In Sgambati v. United States, supra, the Court of Appeals, on the basis of its language in Osbourne which has been quoted, held expressly that infancy did not toll the "built in" statutes of limitations contained in the Suits in Admiralty

1. Other cases tolling "built in" statutes of limitations on the theory that war conditions made the courts completely unavailable to plaintiffs during the limitation period, are Borovitz v. American

Hard Rubber Co., D.C.N.D.Ohio, 287 F. 368; Frabutt v. New York, Chicago & St. Louis R. Co., D.C.W.D.Pa., 84 F. Supp. 460.

Act and the Public Vessels Act, 46 U.S. C.A. § 781 et seq., stating:

"The unusual ground for exception to the statutory period we found to exist in the Osbourne case (i. e., impossibility of access to the courts within the period) was absent here."

The Sgambati case is in accord with the weight of authority. Damiano v. Pennsylvania R. Co., supra; Pollen v. Ford Instrument Co., supra; United States ex rel. Nitkey v. Dawes, supra; Bell v. Wabash Ry. Co., supra. Cf. The Harrisburg, 119 U.S. 199, 214, 7 S.Ct. 140, 30 L.Ed. 358; Central Vermont Ry. v. White, supra. It lays down the rule in this circuit that the "built in" statute of limitation in the Federal Employers' Liability Act, the Jones Act, the Suits in Admiralty Act, and similar statutes, will not be extended by disability to sue because of infancy or insanity or by delay occasioned by the defendant's fraud.

It may be noted, however, that there are well-reasoned cases to the contrary. Scarborough v. Atlantic Coast Line R. Co., 4 Cir., 178 F.2d 253, 15 A.L.R.2d 491, certiorari denied 339 U.S. 919, 70 S.Ct. 621, 94 L.Ed. 1343; Id., 4 Cir., 190 F.2d 935; Id., 4 Cir., 202 F.2d 84; Toran v. New York, N. H. & H. R. Co., D.C.D.Mass., 108 F.Supp. 564; Fravel v. Pennsylvania R. Co., D.C.D.Md., 104 F.Supp. 84. These cases hold that where a plaintiff in an action under the Federal Employers' Liability Act has been fraudulently induced not to bring his action within the three year period by means of misrepresentations of fact made by the defendant, the statute is tolled. It is reasoned that (1) the Federal Employers' Liability Act did not create a new cause of action unknown at common law, but one closely related to the common law action of an employee against his negligent employer; (2) that the probable purpose of the time limitation in that Act was not to expunge plaintiff's rights absolutely after the expiration of a three year period, but rather to have one uniform statutory period of limitation throughout the country; (3) that the Act expressly forbids any "device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability", 45 U.S. C.A. § 55, and that fraudulent representations by the carrier resulting in postponement of commencement of the action beyond the three year period of limitation constitute such a device; (4) that the wording of the limitation provisions in the Act is not as imperative as in other acts where Congress sought not merely to bar the remedy but to destroy the liability; and that (5) since the policy of the Act is to give employees broader rights than in common law, it would be anomalous to hold the Federal law less favorable to a defrauded employee than the common law.

The reasoning of these cases is not unpersuasive. But I feel that I am bound by the decisions of the Court of Appeals of this Circuit on the subject which are supported by the weight of authority. I therefore hold that plaintiff's failure to bring his action within the three year period prescribed by the statute bars him from recovery and that the period of time within which suit must be brought was not extended by the alleged fraud or misrepresentations of the defendant.

This determination makes it unnecessary to pass on the further question of whether, assuming the statute could be tolled by fraud or misrepresentation, the allegations in paragraph 9 of the complaint here would be sufficient, if established, to toll it. Cf. Hilliard v. Pennsylvania R. Co., 6 Cir., 73 F.2d 473, 476.

The motion to dismiss is granted. Since there is no way in which the defect in the complaint could be remedied by amendment, the complaint is dismissed without leave to plead over. Larson v. Port of New York Authority, supra.