Michael GLUS, Plaintiff-Appellant,

v.

BROOKLYN EASTERN DISTRICT TERMINAL, Defendant-Appellee.

No. 248, Docket 24910.

United States Court of Appeals Second Circuit.

Argued March 13, 1958.

Decided April 7, 1958.

958

Seymour Schwartz, New York City, for plaintiff-appellant.

Thomas P. Curtin, New York City, for defendant-appellee.

Before CLARK, Chief Judge, HINCKS, Circuit Judge, and BRENNAN, District Judge.

PER CURIAM.

On May 2, 1957, the plaintiff brought suit under the Federal Employers' Liability Act, 45 U.S.C. §§ 51 et seq., to recover damages for an industrial disease allegedly contracted by him in 1952 as a result of working for defendant under unsafe conditions. In granting the defendant's motion to dismiss, Judge Bryan wrote a cogent opinion, D.C.S.D. N.Y., 154 F.Supp. 863, pointing out that, while there were decisions the other way, this Court was committed to the majority view that a period of limitation, "built in" the statute as is the three-year bar here, 45 U.S.C. § 56, could not be tolled by the defendant's fraud or misrepresentations. See the opinions of the late Judge Frank in Osbourne v. United States, 2 Cir., 164 F.2d 767, and Sgambati v. United States, 2 Cir., 172 F.2d 297, certiorari denied 337 U.S. 938, 69 S.Ct. 1514, 93 L.Ed. 1743. For the reasons well stated by Judge Bryan, we think we should not attempt to retrace our footsteps now, but may well await resolution of the conflict by the Supreme Court.

We are the more content to follow this course because the barrenness of the allegations here suggests a doubt as to any real fraud. Notwithstanding the explicit mandate of F.R. 9(b) that in all averments of fraud or mistake "the circumstances constituting fraud or mistake shall be stated with particularity," the plaintiff says only that "subsequent thereto"—the accruing of the cause— "defendant's agents, servants and employees fraudulently or unintentionally misstated to plaintiff that he had seven years within which to bring an action against said defendant as a result of his industrial disease and in reliance thereon plaintiff withheld suit until the present time." This could be merely an unintentional misstatement or expression of opinion on a matter of law. It lacks the equitable appeal of circumstances disclosed in decisions or discussions reaching the opposite conclusion. The order of dismissal is affirmed.