CHANDLEE *v.* SHOCKLEY, ADMINISTRATRIX

[No. 163, September Term, 1958.]

*Decided April 15, 1959.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ., and KEATING, JR., Associate Judge of the Second Judicial Circuit, specially assigned.

*W. Frank Every* and *William Bruce Oswald,* with whom was *Thomas F. Johnson* on the brief, for appellant.

*William H. Price* and *William W. Travers,* with whom was *John L. Sanford, Jr.,* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

On June 25, 1957, Clara R. Chandlee, the appellant, filed a declaration against the administratrix of the estate of Homer W. Shockley, deceased, the appellee, to recover damages for personal injuries sustained in a collision between her automobile and an automobile negligently operated by Shockley, who was killed in the accident, on October 8, 1956. After a demurrer had been sustained, the appellant filed an amended declaration which made the added allegations that the appellee qualified as administratrix on October 18, 1956,

and that following such qualification "duly authorized representatives and agents of the * * * Administratrix" had "requested and induced" the appellant not to file suit and assured her "that said claim would be settled and * * * damages paid by * * * deceased's estate without the necessity of filing suit." These statements were alleged to have lulled appellant "into a false sense of security in the belief that the said Administratrix had waived the benefit of six (6) months limitation period in cases of this type" and "by reason of said statements, representations and inducements, the * * * Administratrix * * * is now estopped from relying on the six (6) months limitation period.

Particulars filed in response to demand set forth various verbal communications between the appellant's attorneys and persons alleged to have been acting in behalf of the administratrix over a period from October 15, 1956, to May 15, 1957, particularly a Mr. Petrick, who, when told by appellant's counsel that he wanted to be sure, if settlement failed, that Petrick would not "knock me out of Court by pleading limitations", replied: "There is no reason for you to say that. * * * I think this is the type of a claim which can and should be settled out of court. * * * We will not take any more advantage of you than I know you will take of us. My company does not work that way." Mr. Petrick also said on a later occasion that nothing would be gained by filing suit, that more time was necessary to learn the extent of the damages, and that he would not take advantage of a delay. "My company does not make a practice of taking advantage of legal technicalities in order to keep from paying legitimate claims. Insofar as I know, we are not arguing here over liability. We are discussing damages and you can take my word for it that there is no reason for you to file suit. I repeat, don't file suit, because there is no reason for it." The appellant was hospitalized on several occasions and not finally released until after the six-month period had expired. Between May 15 and June 21, repeated efforts to reach Mr. Petrick failed, and suit was then filed.

The appellee demurred to the amended declaration, as particularized, on the grounds that the declaration showed on

its face that suit was not commenced within six calendar months after the qualification of the administratrix, under Code (1957), Art. 93, Sec. 112, and that the right of action was lost and barred; that the defendant could not be estopped from setting up the defense; that the condition prescribed by the Statute could not be waived by a personal representative; and finally that the facts set forth in the bill of particulars were insufficient to constitute a waiver or estoppel. The trial court sustained the demurrer and directed the clerk to enter judgment for the defendant, administratrix, for costs. The appeal is from that judgment.

The appellant's first contention is that the defense of limitations cannot be raised by demurrer. Many courts recognize that where the period of limitations is set forth in the statute and is considered a part of the grant of the right itself, the lateness of the suit may be invoked by demurrer. See Clark, *Code Pleading* (2d Ed.), p. 522. In *State v. Parks,* 148 Md. 477, 482, it was held that the provision of Article 67 of the Code (1924), Sec. 2 (now Code (1957), Art. 67, Sec. 4), requiring suits for wrongful death to be brought within the prescribed statutory period after the death of the deceased person was a "condition precedent to the right to maintain the action, and that a declaration which discloses on its face that the suit was not brought within twelve months is bad on demurrer." In *Dunnigan v. Cobourn,* 171 Md. 23, it was held that a demurrer properly was sustained to a declaration which failed to allege that an action under Code (1935 Supp.), Article 67, Sec. 1 (Code (1957), Art. 67, Sec. 1) against the administrator of a deceased tortfeasor was filed within the statutory period. The annotation following this case in 107 A. L. R. 1048 indicates that it is in line with the great weight of authority. In *Board of Education v. Lange,* 182 Md. 132, 135, there was a similar ruling in regard to a statutory bond.

The appellant contends, however, that these cases are distinguishable on the ground that Code (1957), Art. 93, Sec. 112, is a "survival statute" rather than a statute creating a new cause of action. The section provides that an executor or administrator may be sued "in any action (except slander) which might have been maintained against the deceased * * *

provided, however, that any such action for injuries to the person to be maintainable against an executor or administrator must be commenced within six calendar months after the date of the qualification of the executor or administrator of the testator or intestate." Maryland Rule 205 a 2 did not replace the Statute, which has not been repealed, but is merely declaratory of the procedural aspects. The argument seems to be that under this Statute the cause of action remains one against the tortfeasor, with the personal representative merely substituted for his decedent. Compare Maryland Rule 220 a, which provides that an action for personal injuries, once instituted, does not abate by reason of the death of one of the parties. But under Section 112, the representative does not merely take the place of one against whom a claim has been asserted, but is made amenable, in his representative capacity, to service of process as an original party. Such direct liability did not exist at common law but is conferred wholly by the Statute. Compare *Demczuk v. Jenifer,* 138 Md. 488, 490, and *White v. Safe Deposit & Trust Co.,* 140 Md. 593, 596. The legislative history of Lord Campbell's Act and Sec. 112 tends to show that the legislative purpose was that the two statutes should have similar meanings and effects. See Ch. 570, Acts of 1929 and Ch. 468, Acts of 1949. There is also an analogy to cases brought against an executor or administrator under Code, 1957, Art. 93, Secs. 119, 120. "It has been repeatedly held by this Court that [these sections] * * * create a statutory bar as distinguished from a mere period of limitations which may be waived. It extinguishes the right to sue, not merely the remedy." *Nowell v. Larrimore,* 205 Md. 613, 624; *Donnally v. Welfare Board,* 200 Md. 534, 540. See also *Neuenschwander v. Wash. San. Com.,* 187 Md. 67, 76, holding that an act requiring notice of a claim for personal injuries was a condition precedent, and that failure to give the notice could be raised on demurrer. We hold that the question in the instant case properly was raised on demurrer.

Appellant further contends that despite her failure to bring the action within the time prescribed by statute, she is not barred because the administratrix waived or induced the de-

lay and is estopped to rely on it. Assuming for the time being that the allegations as to waiver and estoppel are enough to sustain the proposition, if it is otherwise tenable, we must decide whether there can be waiver or estoppel as to a statute in which the time proviso is part of the right and not merely a limitation of the remedy. In an ordinary statute of limitation, the remedy may be waived. On the other hand, most courts have held that if the statute creates a new cause of action with a time limit as a condition precedent, such limit cannot be extended by waiver or estoppel. The cases are collected in the notes and annotations in 77 A. L. R. 1044, 1050; 130 A. L. R. 8, 15; 15 A. L. R. 2d 500; 24 A. L. R. 2d 1413, 1418. Some states do not recognize the distinction between the two types of statute—see note in 67 A. L. R. 1070, 1074—and some writers think the distinction is unsound. See 63 Harv. L. Rev. 1177, 1186, 1234.

Even where the distinction is recognized and the statute involved is substantive and creates the right rather than limits the remedy, the rule that the controlling period of time may not be tolled never has been held to be immutable under all circumstances. Where war prevents access to the courts the substantive as well as the remedial statute of limitations is tolled. *Osbourne v. United States*, 164 F. 2d 767 (C. A. 2d Cir.); *Frabutt v. New York, Chicago & St. L. R. Co.*, 84 F. Supp. 460 (W. D. Pa.); *Borovitz v. American Hard Rubber Co.*, 287 F. 368 (N. D. Ohio); *Peters v. McKay* (Ore.), 238 P. 2d 225, 239; *In re Caravas' Estate* (Cal.), 250 P. 2d 593, 597; *Siplyak v. Davis* (Pa.), 119 A. 745.

In 1949 the United States Court of Appeals for the Fourth Circuit decided the case of *Scarborough v. Atlantic Coast Line R. Co.*, 178 F. 2d 253 (C. A. 4th Cir.) (cert. den. 339 U. S. 919), holding that the action of the claim agent of the railroad, in inducing the seventeen-year old claimant under the Federal Employers' Liability Act to defer filing suit beyond the three-year period of limitation by erroneously informing him and his father that he would have three years after he became twenty-one in which to sue, tolled the statute. The federal act had been held by the Supreme Court to be substantive. The Fourth Circuit analyzed the distinctions

between the two classes of statutes of limitation, the remedial and substantive, cited the cases supporting the view that the substantive statute may not be tolled, such as *Damiano v. Pennsylvania R. Co.,* 161 F. 2d 534 (C. A. 3rd Cir.), and *Bell v. Wabash Ry. Co.,* 58 F. 2d 569 (C. A. 8th Cir.), and in refusing to follow them said:

"In none of these cases, does the opinion fairly face, with an adequate discussion of the question on principle, the precise problem now before us. The cases cited as favoring the appellee based their holdings on the narrow technical distinction between the two types of statutes of limitations and then state baldly that, by virtue of this legalistic distinction, fraud does not toll the running of a statute of limitations which is of the substantive type. Under these circumstances, we do not consider ourselves bound by this seeming weight of judicial authority. We, accordingly, feel free to decide this case on principle.

"* * * And unless the statute so requires with crystal clarity, it should not be so applied as to negative broad principles well settled in our law by a long series of decisions. * * *

"The decisions in the Osbourne [*Osbourne v. United States, supra,*] and Frabutt [*Frabutt v. New York, Chicago & St. L. R. Co., supra,*] cases, supra, show clearly that there is a chink in the supposedly impregnable armor of the substantive time limitation of the Act. If, as those cases decided, there is one exception (war), surely the infinite variety of human experience will disclose others. Those cases demonstrate that a claim under the Act is not a legal child born with a life span of three years, whose life must then expire, absolutely, for all purposes and under all circumstances. * * *

"* * * the distinction between a remedial statute of limitations and a substantive statute of limitations is by no means so rock-ribbed or so hard and

fast as many writers and judges would have us believe. Each type of statute, after all, still falls into the category of a statute of limitations. And this is nonetheless true even though we call a remedial statute a pure statute of limitations and then designate the substantive type as a condition of the very right of recovery. There is no inherent magic in these words.

"* * * We cannot see a distinction and a difference, so clear and so real, between the two classes of statutes of limitations—the remedial and the substantive—as to justify the courts in fully giving effect to fraud in tolling the statute in one type (remedial) and then flatly denying that effect to fraud in the other type (substantive). The ancient maxim that no one should profit by his own conscious wrong is too deeply imbedded in the framework of our law to be set aside by a legalistic distinction between the closely related types of statutes of limitations.

"Here the proper approach is not technical and conceptualistic. Rather, we think should it be realistic and humane. The spirit, not the letter, should control."

The *Scarborough* case was followed in *Fravel v. Pennsylvania R. Co.,* 104 F. Supp. 84 (D. Md.), *Toran v. New York, N. H. & H. R. Co.,* 108 F. Supp. 564 (D. Mass.) (in which Judge Wyzanski said he was free to choose the rule he felt to be sound since the Court of Appeals of the First Circuit had not decided the point), and by the Supreme Court of Vermont in *McLaughlin v. Blake* (Vt.), 136 A. 2d 492. A District Court of Appeal of California approved the reasoning and result of the *Scarborough* case, although turning its decision on the construction of the statute as procedural in *Myers v. Stevenson* (Cal.), 270 P. 2d 885. Compare *Glus v. Brooklyn Eastern District Terminal,* 154 F. Supp. 863, 866 (S. D. N. Y.) (aff'd in 253 F. 2d 957), where Judge Bryan, in speaking of the line of cases headed by *Scar-*

*borough,* said that "The reasoning of these cases is not unpersuasive" but held that he was bound by the prior commitment of the Court of Appeals of the Second Circuit to the opposite view.

We think the reasoning of the *Scarborough* case sound and persuasive and see acceptance of it by this Court indicated by the cases of *Bogart v. Willis,* 158 Md. 393, 406, 407, and *Frank v. Wareheim,* 177 Md. 43, both of which dealt with and construed what is now Code (1957), Art. 93, Sec. 120 (referred to above), which required suit to be brought by a creditor against an administrator or executor within nine months (now six months) of the written rejection of the claim lest the claim "be forever barred." Both cases held that the statute is not a limitation of the remedy but a statutory bar which prevents collection of the claim, unless suit is brought within nine months of its rejection. In the *Bogart* case written rejection had been given and the claimant did not bring action within the statutory period of nine months, but the Court held that the bar did not apply because after the notice of rejection the executors admitted to the claimant the obligation of the estate to pay the claim. Thus the letter of the law was fulfilled to make the bar of the statute effective but the Court held that the subsequent admission of the validity of the claim had the effect of rescinding the notice given. The Court said: "Any other construction would permit a defendant to play fast and loose, and claim the benefits of the statute while at the same time leading the plaintiff to believe that he proposed to pay the claim."

In the *Frank* case the executor believed that the claim against the estate was excessive and gave written notice that payment would be refused. More than nine months after this written notice of rejection was given, the executor reported to the Orphans' Court that the creditor had agreed to accept $1,000 (about a third of the claim) in settlement of her demands and requested the court to authorize him to compromise and pay the claim, which it did. Two legatees moved the court to set aside the order on the ground that the claim was barred by the failure to sue on it within nine months of its rejection. The creditor contended that she and the ex-

ecutor had continued negotiations as to the payment of the claim during the running of the nine-month period, notwithstanding the rejection given her by the executor, and that this and the subsequent promise to pay $1,000 were a waiver of her failure to file suit within the statutory period. This Court decided for the creditor, saying: "This language of the statute has been held to be a statutory bar, and not a statute of limitations which may be waived. * * *

"The use of the term 'waived' is not intended to express the meaning that the executor or administrator may not later bind the estate to a payment of the claim either in whole or in part." The Court cited *Bogart v. Willis, supra,* in support of this statement and said that in that case *"the court held and established the construction that the meaning of the language of the statute is not to preclude the operation of other principles of law."* (Italics supplied.) The Court continued: "No action was brought within the prescribed nine months, but the testimony tends to support the finding that, notwithstanding the notice, the creditor and the executor continued negotiations until an agreement was reached. The performance of the services and the liability of the testator's estate to pay were not the subjects of dispute, the only question was the worth of these services." The Court held: "From what has been here decided, it follows that the action of the Orphans' Court in rejecting the exception to the allowance of the payment of $1,000 to Cora Heindel in settlement of her claim as creditor, * * * notwithstanding the statute of limitations would be a bar to the recovery of such debts, must be affirmed."

We hold that an executor or administrator against whom a claim is asserted by virtue of Code, 1957, Art. 93, Sec. 112, may waive or be estopped to rely on the time limit of the statute. This construction of the law does no violence to its purpose to permit personal representatives to make prompt settlement of estates without liability for claims not timely filed or asserted since the executor or administrator necessarily must know of and induce the late suit thereon within the statutory period.

We think the allegations of the amended declaration as

particularized sufficiently alleged facts, from which, if proven, waiver or estoppel could be found. *Wright v. Wagner,* 182 Md. 483, 491, 492; *Webb v. Johnson,* 195 Md. 587; *Patapsco & Back Rivers R. R. v. Davis,* 208 Md. 149, 152; *McLaughlin v. Blake* (Vt.), *supra,* 136 A. 2d 492, 495, 496; *Scarborough v. Atlantic Coast Line R. Co.,* 202 F. 2d 84 (C. A. 4th Cir.) ; *Scarborough v. Atlantic Coast Line R. Co.,* 190 F. 2d 935, 936, *et seq.* (C. A. 4th Cir.) ; *Fravel v. Pennsylvania R. Co., supra,* 104 F. Supp. 84 (D. Md.).

The demurrer should have been overruled, and the defendant required to plead.

*Judgment reversed, with costs, and case remanded.*

HENDERSON, J., filed the following dissenting opinion.

I agree with the holding of the majority of the Court that Code (1957), Art. 93, sec. 112, creates a new cause of action, and that the time limitation therein is a condition precedent to the right to maintain the action. It follows that the lateness of the action may be invoked by demurrer. The distinction between causes of action created by the Legislature, with conditions attached, which limit the substantive right, and other causes of action existing at common law, as to which the Legislature undertakes to bar the remedy only, is well established both in Maryland and elsewhere. *State v. Parks,* 148 Md. 477, and *Dunnigan v. Cobourn,* 171 Md. 23, clearly recognize the distinction, which turns on the legislative intent to make time of the essence, and presents a problem of statutory construction.

I do not agree, however, that this Court can properly write in exceptions to the condition imposed by the Legislature, on general equitable grounds. In the Workmen's Compensation Act, the Legislature added a clause specifically extending the time for filing claim in cases of fraud or circumstances amounting to an estoppel. Code (1957), Art. 101, sec. 39 (c), cited in *Webb v. Johnson,* 195 Md. 587, 595, and *Patapsco & Back Rivers R. R. v. Davis,* 208 Md. 149, 155. Possibly it was thought desirable to extend additional pro-

tection to workmen who are sometimes illiterate and not always represented by counsel at the time when claims must be filed. There is no such clause in the statute before us, and its absence is significant. Quite possibly the Legislature felt that the necessity of a fixed rule to insure the early settlement of estates would outweigh the possible injustice to a litigant whose counsel might be so unwary as to rely upon the assurances of a claim adjuster.

The majority opinion relies strongly upon the cases of *Bogart v. Willis,* 158 Md. 393, and *Frank v. Wareheim,* 177 Md. 43, construing Code (1957), Art. 93, secs. 119, 120. Those cases are clearly distinguishable. While the statute was construed as creating a statutory bar, it was held that since the time did not begin to run until rejection by the executor or administrator, such rejection could be withdrawn. Cf. *Donnally v. Welfare Board,* 200 Md. 534, 540. In the instant case the time runs from the date of qualification by the personal representative, and no such right of withdrawal can be implied.

Strong reliance is placed upon *Scarborough v. Atlantic Coast Line R. Co.,* 178 F. 2d 253 (C. A. 4th). I venture to disagree with the construction placed upon the statute there involved, the Federal Employers' Liability Act, 45 U. S. C. A., § 56. Perhaps the decision could be supported under the language of § 55. But I find no justification for importing into the Act the broad doctrines of waiver and estoppel. Even in the 4th Circuit the scope of the decision seems to have been somewhat narrowed. See *Williams v. United States,* 228 F. 2d 129, 132 (C. A. 4th), and *Continental Casualty Co. v. The Benny Skou,* 200 F. 2d 246 (C. A. 4th). Other Federal and State courts hold to the contrary. *American R. Co. of Porto Rico v. Coronas,* 230 F. 545, 546 (C. A. 1st); *Damiano v. Pennsylvania R. Co.,* 161 F. 2d 534, 535 (C. A. 3rd); *Bell v. Wabash Ry. Co.,* 58 F. 2d 569, 572 (C. A. 8th); *Ahern v. South Buffalo Ry. Co., et al,* 104 N. E. 2d 898, 908 (N. Y.); cf. *Rohner v. Union Pacific Railroad Company,* 225 F. 2d 272, 274 (C. A. 10th), and *Glus v. Brooklyn Eastern District Terminal,* 253 F. 2d 957 (C. A. 2nd), approving the decision below in 154 F. Supp. 863

(S. D. N. Y.). See also *Jordan v. Baltimore & Ohio R. Co.,* 62 S. E. 2d 806 (W. Va.).

In the *Scarborough* case, the Court relied upon *Osbourne v. United States,* 164 F. 2d 767 (C. A. 2nd). But in that case the tolling of the statute during war was based upon the suspension, during war, of both rights and remedies. Cf. *Frabutt v. New York, Chicago & St. Louis R. Co.,* 84 F. Supp. 460 (W. D. Pa.) and cases cited. In the case last cited, the construction was predicated upon an established rule of international law, and on the fact that during war, no court was available to which jurisdiction could be ascribed. In both cases it was expressly asserted that the statute would not be tolled where failure to sue was based on waiver or estoppel. Indeed, it may be said that prior to the *Scarborough* case, in 1949, the cases were all in accord on the proposition that where a new cause of action was set up with a time limitation as a condition precedent, waiver or estoppel could not be set up as a defense to a late filing. See 1 Williston, *Contracts* (3d Ed.), § 186, p. 718; notes 77 A. L. R. 1044, 1050; 130 A. L. R. 8, 15; 15 A. L. R. 2d 500; 24 A. L. R. 2d 1413, 1418. I see no reason to depart from the great weight of authority in the instant case.

This Court said in *McMahan v. Dorchester Fert. Co.,* 184 Md. 155, 160: "We conclude that, where the Legislature has not made an exception in express words in the Statute of Limitations, the Court cannot allow any implied and equitable exception to be engrafted upon the statute merely on the ground that such exception would be within the spirit or reason of the statute." Implicit in the holding in the instant case, that a demurrer will lie, is the premise that the period of limitations is a substantive part of the cause of action, and that the Court's jurisdiction over the subject matter is limited by the express language of the statute. To argue that jurisdiction of this sort can be conferred by the action or non-action of the parties, is to ignore the fundamental distinction between substantive right and procedural remedy, between jurisdiction over the subject matter, which cannot be conferred by consent, and jurisdiction over the person, which may be conferred by acts amounting to a general appearance.

Cf. *McCormick v. St. Francis de Sales Church,* 219 Md. 422. The decision in the instant case recognizes the substantive character of the limitation, yet at the same time reads in an exception based on the conduct of the parties. The court in the *Scarborough* case does not answer this objection, but brushes it aside as "a legalistic distinction," and says that the proper approach should be "realistic and humane," rather than "technical and conceptualistic." I suggest that there is "no inherent magic" in these words. Some cases hold, and some writers support the view, that there is no valid distinction between the two types of statute. We are committed to the contrary view, and hence committed, I think, to the logical consequence.

Judge Horney authorizes me to say that he concurs in the views here expressed.