## AUGUST BRONISZEWSKI *v.* BALTIMORE AND OHIO RAILROAD COMPANY.

[No. 55, October Term, 1928.]

448

*Decided January 17th, 1929.*

The cause was argued before BOND, C. J., ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*Avrum K. Rifman,* with whom was *Paul Berman* on the brief, for the appellant.

*Duncan K. Brent,* with whom was *Allen S. Bowie* on the brief, for the appellee.

PARKE, J., delivered the opinion of the Court.

This appeal was taken to determine the question whether there was error committed by the trial court in granting a motion of the employer that an appeal by the employee from an order of the State Industrial Accident Commission be dismissed because the record from the commission disclosed that the claimant did not file his application for compensation for an injury, which did not result in death, within the time fixed by statute, but did not affirmatively show that this failure had been excused by the commission. The employer has made a motion to dismiss this appeal on the ground that the question is not presented for review.

1. The transcript of the record was approved in writing by the attorneys for the employer, and shows that, when the trial court announced its ruling, the stenographer made a note that the court granted the claimant an exception. However, there is no formal bill of exception on the record, nor any authentication of an exception by the court's signature, nor is the question submitted on an agreed statement, and the motion of the employer to dismiss the appeal must prevail, if a bill of exception were necessary. Acts of 1927, ch. 224; 2 *Poe Pl. & Pr.,* secs. 310-312, 321.

The transcript of the record before the trial court showed that the alleged injury happened on August 13th, 1925; that the claim for compensation was filed with the commission on December 28th, 1925; that the employer on January 7th, 1926, after notice of filing of the application, asked that the case be set for a hearing on the ground that the accident did not occur at the time alleged, but on July 12th, 1921, and

that the claimant had been paid in full by the employer the compensation awarded by the commission for the ensuing disability; that the commission notified the claimant of the hearing at which this defence would be the issue; and, after the testimony and hearing, and due consideration, found that the claimant had not sustained an accidental personal injury on August 13th, 1925, arising out of and in the course of his employment, and passed an order disallowing the claim.

The testimony taken before the commission by the claimant and the employer formed a part of the record in the trial court, but only that portion which related to the delay in filing the application has been incorporated in the record on this appeal. This testimony was given by the claimant in response to an inquiry of the commission.

It is admitted that the appeal from the order of the commission was regularly taken, and that the transcript of record was in the Baltimore City Court for trial, when, before a jury was sworn, the employer made a motion in open court for the dismissal of the appeal. No extrinsic evidence was introduced, and the court granted the motion and dismissed the appeal solely on the record, and upon the ground that the record disclosed on its face that the application for compensation was not filed within the time prescribed by section 39 of the Workmen's Compensation Act, and that the commission had not excused the delay.

The ruling of the court is made manifest by the record, and there was no ground for a bill of exception. The function of a bill of exception is to present for review rulings upon those matters of which the appellate court would have no judicial knowledge unless so preserved and incorporated in the record. The rulings of the court upon the sufficiency of the pleadings, or upon motions to set aside a judgment or in arrest of judgment, should appear on the face of the record and, therefore, no bill of exception is necessary to bring up these rulings for review. So, as a general rule, if the error of law be apparent on the record a bill of exception is not required. *Poe's Practice,* secs. 310-312, 321; *Coulbourn v. Fleming,* 78 Md. 215; *Tyrrell v. Hilton,* 92 Md. 176, 183-

185; *Fick v. Towers,* 152 Md. 335, 338, 339. The last cited case is a recent statement and application of the rule. The court in that case refused to consider testimony taken at a hearing on the motion to strike out a judgment, on the ground that the testimony was not authenticated by presentation in bills of exceptions or in any other approved way, yet, as the action had been brought by virtue of a special statute which required a compliance with certain prescribed conditions as a condition precedent to its operation, the judgment recovered was stricken down because the record did not show that one of the necessary requisites under the statute had been complied with. It is our judgment that the question arising on the ruling of the trial court is well brought up by the record, and that a bill of exception was unnecessary. The motion to dismiss the appeal will be denied.

2. Section 39 of the Workmen's Compensation Act requires an employee, when entitled to compensation under the statute, to "file with the commission his application and the report of the physician, provided he was attended by a physician of his own selection, within thirty days after the beginning of his disability, for which compensation is claimed, and failure to do so unless excused by the commission, either on the ground that the insurance carrier or the employer has not been prejudiced thereby, or for some other sufficient reason, shall be a bar to any claim under this article." The principal question grows out of the failure of the claimant to file his application within the limit of the thirty days allowed, and of the commission formally to excuse this delay. Since no compensation can be awarded, except upon the institution of a proceeding by the filing with the commission of the claimant's application for compensation, it was said in *Vang Construction Co. v. Marcoccia,* 154 Md. 401, 406, that the provision for the *application* is mandatory, but as appears in that case, and as pointed out in the decision in *Victory Sparkler Co. v. Francks,* 147 Md. 368, 383, the provisions with reference to the *time* of filing the claim are directory, since a non-compliance with them did not avoid the claim but could be dispensed with by the act

of the employer and insurance carrier or be excused in the exercise of the commission's sound discretion, which means, not at the pleasure of the commission, but according to the rules of reason and principles of law when applied, within the limitations of the terms of the act, to the evidence before the commission. *State v. Francis,* 151 Md. 147, 150; *Osborn v. U. S. Bank,* 9 *Wheat.* 738, 866, 6 L. ed. 204.

The statute does not specify any exclusive manner in which the action of the commission shall be evidenced. Unquestionably the disposition of this primary matter would be most satisfactorily declared in a written order, with the reason stated. In the present case, no order was signed, and there is no minute of one being passed; consequently the right of a claimant to have his case heard on appeal must fail unless the statute admits of some other method of evidencing the commission's excuse of the delay or permits the bar to be lifted by the act of the employer and the insurance carrier.

Now, the statute declares that the commission shall not be bound by the usual common law or statutory rules of evidence nor by any technical or formal rules of procedure, other than as provided in the enactment; that in all court proceedings under or pursuant to this article, the decision of the commission shall be *prima facie* correct and the burden of proof shall be upon the party attacking the decision; and that the act shall be so interpreted and construed as to effectuate its general purposes. Sections 9, 10, 56 and 63. And, finally, what is even more in point, the statute provides that: "In any proceeding for the enforcement of a claim for compensation under this article, it shall be presumed in the absence of substantial evidence to the contrary: * * * that there has been no prejudice caused by the failure to file claim within thirty (30) days." The general doctrine that the proceedings of a tribunal or body of a limited or special jurisdiction must disclose the conditions necessary for the exercise of its jurisdiction is thus made inapplicable by statutory mandate, and to the commission's order is ascribed the testimonial value of a judgment of a court of general jurisdiction. So, on an appeal from the commission the *prima facie* presump-

tions indulged are in favor of its jurisdiction, of the regularity and correctness of its decision, and procedural matters are treated as subsidiary in enforcing the substantive rights of the employer and employee. Consequently, the finding of the commission that the claimant did not sustain an accidental personal injury on August 13th, 1925, arising out of and in the course of his employment, and its rejection of his claim on that ground, together with all prior subsidiary questions involved in the decision, are assumed to be correct in the court where the appeal from the commission was pending, as was, also, the fact that there had been no prejudice caused by the failure to file the claim within the limit of thirty days, *supra*.

Moreover, the bar in the case of an injury, not resulting in death, was a special form of a statute of limitations, which, although seasonably pleaded, could yet be excused by the commission, if the statutory grounds existed. In this respect, the bar differed from the limitation for the filing of an application in the case of an injury causing death, since there the claim could be only taken out of the statute by the acts of the parties. *Vang Construction Co. v. Marcoccia*, 154 Md. 401; Code, art. 101, sec. 39. Nor would the failure of the claimant to file his claim for compensation within thirty days after the beginning of his disability deprive the commission of its jurisdiction to hear and determine the case, although the record failed to show any formal excuse of the delay by the commission. *Dickson Construction Co. v. Beasley*, 146 Md. 568, 571, 572.

In the case last cited it was said: "As we interpret the statute, delay in filing the claim is a fact to be considered on the question of the allowance of claim in the first instance, the allowance of any claim on the particular injury, that it is relevant only to the controversy at that stage, and should be litigated then, if at all."

The commission may excuse the delay either on the ground that the insurance carrier or the employer has not been prejudiced thereby or for some other sufficient reason. The parties affected by the delay are the employer and carrier.

If they are willing to waive the defense by not pleading it, the waiver is of itself the most persuasive evidence that the delay has not been to their prejudice. Accordingly, if the employer and carrier fail to plead the statute as a bar, there is no occasion for the claimant to produce, nor for the commission to hear, testimony to establish a sufficient reason for the commission to excuse the delay. Therefore, since this question of delay arises *in limine,* if the record disclose a failure of the employer or carrier to plead the statute, but, to the contrary, a request and the attainment of an issue on the merits, there is no question of delay before the commission; and, no necessity for it to exercise its prerogative. If, on the other hand, the statute had been pleaded, the necessity for the existence of proper grounds to excuse the delay would make the act of the commission in that connection justiciable and open to review on appeal. Code, art. 101, sec. 56; *Luckie v. Merry* [1915], 3 K. B. 83, 8 B. R. C. 928; *Bethlehem Shipbuilding Corp. v. Simmons,* 143 Md. 506, 509; *Schiller v. Balto. & O. R. Co.,* 137 Md. 234; *Frazier v. Leas,* 127 Md. 572, 575, 576; *Union Shipbuilding Co. v. Praviewsky, ante,* p. 412.

The record now under consideration illustrates the soundness of this construction. When the claim was filed, it disclosed that it could not be entertained on its merits until the preliminary question of whether the delay would be excused was disposed of. The commission then notified the employer, which carried its own risk, of the claim, and that, if no request for a hearing were made nor adjournment granted, an order would be passed on a certain day upon the evidence then in the hands of the commission; and that if a request be made for a hearing, it should "state with particularity the issues of fact and law proposed to be raised at the hearing." The employer, a few days later, formally asked in writing a hearing on a single issue of fact involving the merits of the claim; and the commission then gave notice to the claimant and employer that a hearing would be had on the one issue proposed by the employer. At this hearing, the commission inquired of the claimant why he had waited from August 15th

to December 28th, 1925, to file his claim. His answer was that he had notified the employer at its place of business, and had seen its representative, before and after his operation, and had been informed "Nothing to do for you, everything is closed up;" and "He said, 'Don't come any more in here.'" The record further discloses that he received first aid from his employer's doctor, and requested and received medical attention from its physician, and, while the date was not given, he was operated upon for the hernia alleged to have been caused by his injury, at the Church Home and Infirmary, some time between the accident and December 24th, 1925. Compare the facts in *Savage Mfg. Co. v. Magne,* 154 Md. 46, 53. Instead of seasonably making this defense, when both litigants would have had an opportunity to offer testimony on the question if there were grounds upon which the commission should excuse the delay, the employer waited until it had obtained a decision on the merits to make a motion to dismiss in the court in which the appeal lay, on the ground that it did not affirmatively appear from the record that the commission had excused the claimant's delay. It is now too late for the employer to deny the *prima facie* correctness of the award on a record that shows there was neither occasion nor necessity for the commission to make a minute or other formal order in respect to a delay which the employer had waived by its pleading.

The action of the learned trial judge in dismissing the appeal on jurisdictional grounds was based on the decision of this court in *Keystone Lime Co. v. Kabat* (1923), 142 Md. 562, which was a case of very different facts from those on the present record; but the theory upon which that case was determined justified the ruling from which this appeal was taken. The court was there dealing with these unusual conditions. A man had been killed, and the commission had awarded compensation to his widow, which had been paid for over four years, when application was made in behalf of two infant and dependent children that the case be reopened for their benefit on the ground that it was their father who had been killed and not the husband of the alleged widow. The

commission heard the case thus made on the issue whether the original claim for compensation had been properly filed by the first claimant, and to determine dependency; and passed an order refusing to reopen the case, and disallowing the claim made in behalf of the putative children. On appeal, the jury found that the children were the dependents, and the court entered a judgment reversing the commission, and an appeal was taken. Before the case was submitted to the jury, a motion to dismiss this appeal was filed on the ground that the claim of the children was barred by the failure to give the statutory notice of their claim to the employer within thirty days after the death of the employee. The provisions of the statute are that "the failure to give such notice unless excused by the commission either on the ground that notice for some sufficient reason could not have been given, or on the ground that the State Accident Fund, insurance company or employer, as the case may be, has not been prejudiced thereby, shall be a bar to any claim under this article." Section 38 of article 101 of Code. The difference between this section and the one applicable to the case at bar is that section 38 makes provision for *notice* of the accident, where different considerations arise than when the question concerns the time of the application for compensation, which is the subject-matter of section 39; and, further, section 38 allows only two grounds of excuse, while section 39 permits the delay in bringing the proceedings to be excused because of no prejudice to the employer or insurance carrier or for "some other sufficient reason."

These differences in the circumstances and of the sections are immaterial, since the court reversed the case on the theory that, where the time for giving the notice had passed, it was the claimant's burden to produce before the commission the facts upon which the excuse may be granted; "and it should appear, clearly and affirmatively from the finding of the commission, that the claimant was or was not excused and, if excused, the ground therefor." And the record on appeal must show these facts. Since the record from the commission did not show that the commission had passed on this question, al-

though, under the order passed, it might have been the reason, the court remanded the case in order that the appeal from the commission might be dismissed.

The conclusion in this case rested exclusively on the decision in *Bloomfield v. November* (1916), 219 N. Y. 375, which was decided by a vote of four judges to three, and which was construing a statute similar to ours in many respects, but different in others, as for instance, that the finding of the commission on the facts would be conclusive and final, and that an appeal would only lie for errors of law. There was reason under the New York law for the findings of fact and the grounds of decision to be explicitly stated by the commission, in order for the reviewing court to see if any error of law had been committed, but this reason does not obtain under the Maryland statute. In the New York case the commission had made a ruling that the "claimant's failure to give the written notice of injury to employer is hereby excused," but did not state if its ruling had been within either of the prescribed grounds of excuse, which were the same as those of section 38 of article 101 of the Code. The decision, however, did not hold the appeal should be dismissed, but remitted the claim "to the industrial commission to pass upon this subject.", 219 N. Y. 377.

The theory of the decision in *Keystone Lime Co. v. Kabat, supra,* is that section 38 is not a statute of limitations, but a statute prescribing the excuse of delay by the commission on specific grounds to be a condition, which is precedent to a right to receive compensation, and which to be operative need not be pleaded; and that if the record does not affirmatively show a finding of the commission that the plaintiff was or was not excused, and if excused, the ground therefor, the commission has no jurisdiction to proceed to the disposition of the claim on the merits. The court would be bound to follow the principle of the decision cited, even though in the present appeal there existed the obligation on the part of the commission and court to presume "in the absence of substantial evidence to the contrary" * * * that there has been no prejudice caused by failure to file claim within thirty

days," if it were not for a later decision of *Dickson Construction Co. v. Beasley*, (1924), 146 Md. 568, which held the first paragraph of section 39 to be a statute of limitation whose efficacy as a bar depends upon its being pleaded. This case was cited in *Vang Construction Co. v. Marcoccia* (1928), 154 Md. 401, 407, 408, which held that the second paragraph of section 39 was a statute of limitations.

There is much force in the position that where a statute creates a right which did not exist at common law and prescribes the time within which a proceeding must be taken to enforce the right, the limitation affects the right and not the remedy, and the expiration of the statutory period extinguishes the right. However, the fact that the limitation is contained in the statute is material only as bearing on the construction whether the time fixed is a limitation or condition of such right or applies solely to the remedy. *Davis v. Mills,* 194 U. S. 451, 454, 48 L. ed. 1070.

The court was under a statutory compulsion to give the law its more beneficial construction, and since the later cases have held the time fixed to affect the remedy and not the right, and must be pleaded to be available as a defense, the court is compelled to accept these decisions as being the precedents to be followed.

> *Motion to dismiss appeal in this court overruled; and judgment reversed, with costs, and the case remanded that further proceedings may be had on the appeal in the Baltimore City Court.*

Bond, C. J., dissents.