CORNETT *v.* SANDBOWER, Administrator

[No. 384, September Term, 1963.]

*Decided June 23, 1964.*

The cause was argued before HENDERSON, PRESCOTT, HORNEY and SYBERT, JJ., and KEATING, J., Associate Judge of the Second Judicial Circuit, specially assigned.

*A. Frederick Taylor,* with whom were *Martin & Taylor* on the brief, for the appellant.

*Frederick J. Green, Jr.,* and *Alva P. Weaver, III,* with whom were *Lord, Whip, Coughlan & Green* on the brief, for the appellee.

SYBERT, J., delivered the opinion of the Court.

On November 24, 1961, the appellant, Danville Cornett, while riding as a passenger in an automobile owned and operated by Willie G. Simons, was seriously injured when the automobile struck another automobile operated by Mary L. Krebs. Simons died on December 16, 1961, from injuries sustained in the accident. Thereafter, on April 16, 1962, George F. Krebs and Mary L. Krebs filed a petition in the Orphans' Court for Carroll County, in which they claimed to be creditors of Simons' estate by reason of injuries sustained as a result of the automobile accident. An order was issued against Rosalie Velvet, as nearest living relative of the decedent Simons, to show cause why the appellee, John E. Sandbower, III, who was attorney for the Krebs', should not be appointed administrator of the decedent's estate. On April 24, 1962, after Rosalie Velvet failed to answer, Sandbower was appointed as administrator and qualified by posting bond. No notice to creditors has been published by him and there have been no further proceedings in the estate in the Orphans' Court.

Sometime prior to June 29, 1962, the appellant, Cornett, consulted a law firm in Baltimore County in regard to recovery for the injuries sustained by him in the accident. Knowing that the decedent had lived very close to the line between Howard and Carroll Counties, the law firm, acting on behalf of the appellant, wrote to the Register of Wills for Howard County on June 29, 1962, inquiring whether letters of administration had been taken out therein on Simons' estate and received a negative reply on July 2, 1962. No inquiry was made of the Register of Wills for Carroll County until the end of January, 1963. During the interim, there had been correspondence between the appellant's attorney and an insurer of the decedent, but it was not shown that the attorney ever asked the insurer whether an administrator had been appointed. While the appellee, prior to his appointment as administrator, had talked to the appellant concerning the facts of the accident, neither the appellant nor his attorney contacted the appellee after his appointment, and the appellee testified that he was not aware of the correspondence between the appellant's attorney and the decedent's insurer.

On February 5, 1963, the appellant filed suit against the appellee, as the decedent's administrator, in the Circuit Court for Carroll County. The appellee filed a special plea alleging that the suit was barred by Code (1957), Art. 93, sec. 112, since it was not instituted within six months after his qualification as administrator. The appellee then filed a motion for summary judgment. After a hearing, during which testimony was taken, the lower court granted the motion for summary judgment. The appellant then entered this appeal.

It is clear that, unless a waiver or estoppel could be established, the appellant's suit was barred by Art. 93, sec. 112, which provides that executors and administrators shall be liable to suit in any action which might have been maintained against their decedent, "provided, however, that any such action for injuries to the person to be maintainable against an executor or administrator must be commenced within six calendar months after the date of the qualification of the executor or administrator of the testator or intestate". In the present case, suit was not filed until more than nine months had elapsed since the qualification of the appellee as administrator.

However the appellant contends that there has been a waiver of the time provision of Art. 93, sec. 112. Waiver resulted, he maintains, first, from the fact that the appellant's claim for damages was negotiated with the decedent's insurer, which he asserts was the agent of the appellee; and second, from the fact that the letters of administration were taken out solely for the purpose of another suit, and notice to creditors was not published.

In *Chandlee v. Shockley*, 219 Md. 493, 150 A. 2d 438 (1959), this Court held that an administrator against whom an action is filed under Art. 93, sec. 112, may waive or be estopped to rely upon the time limit in the statute, if the delay in filing suit was induced by the administrator. It was further held that allegations in the declaration asserting that the administrator had told the plaintiff not to file suit because his claim would be settled and that limitations would not be asserted as a bar, if proven, could be the basis for waiver or estoppel. Cf. *Steuart v. Carr*, 6 Gill 430 (1848). This Court has also said, in construing a special limitation statute, that where a party has been kept in ignorance of his rights by the fraud of the party against whom relief is sought, the statute will not necessarily bar the action. *Citizens Bank v. Leffler*, 228 Md. 262, 269-270, 179 A. 2d 686 (1962).

In the instant case, however, there is no indication that the delay in filing suit was induced by any action of the appellee. Nor was there any showing of fraud. Instead, the only conclusion that can be drawn from the evidence is that the delay was due to a lack of diligence on the part of the appellant. The grounds asserted as a basis for holding that there was a waiver are not persuasive. There was no showing that the decedent's insurer was acting as the appellee's agent in its correspondence with the appellant, but even if it was, there is nothing in the record to show that the insurer held out any inducement not to file suit or indicated in any way that limitations would not be pleaded. Only two letters between the appellant and the decedent's insurer were produced, the first being a letter from the insurer requesting that the appellant take a physical examination; the second, a reply thereto. While allegedly there were several phone conversations, their purport is not disclosed by

the record. While letters of administration were taken out for the purpose of another suit and no notice to creditors was published, these facts are not controlling. The appellee's motive in taking out letters would not prevent the appellant from proceeding against him, had he done so within the time proviso of the statute. Also, while no notice to creditors has been given, Art. 93, sec. 112, provides that suit must be filed within six months after the qualification of the administrator, not after the publication of notice to creditors. It is the appointment and qualification of the administrator which brings into existence a party capable of being sued. *Behnke v. Geib*, 169 F. Supp. 647 (D.C. Md., 1959).

The appellant has also claimed that the decedent's insurer, not the appellant, was responsible for the plea of limitations. The short answer here is that the plea was filed by the appellee's attorney and the appellee has never repudiated it. While Art. 93, sec. 106, permits an administrator to waive the limitations proviso in his discretion, it is obvious that the appellee has not elected to do so.

*Judgment affirmed; appellant to pay the costs.*