The **HOME INSURANCE COMPANY,**
Plaintiff,

v.

Ullman L. **PAIGE** et al., Defendants,
Cross-Claim Plaintiffs, and Cross-
Claim Defendants.

Civ. A. No. 15570.

United States District Court
D. Maryland.

June 10, 1966.

Alva P. Weaver, III, Baltimore, Md., for plaintiff.

Saul M. Schwartzbach, Adelphi, Md., James H. Langrall, Weinberg & Green, Baltimore, Md., Samuel Intrater, Bethesda, Md., Anival J. Grillo, Washington, D. C., Archie D. Williams, Baltimore, Md., Dovey J. Roundtree, Washington, D. C., Aaron M. Levine, Earl H. Davis, David A. Scott, Clinton W. Chapman, Washington, D. C., Daniel F. McMullen, Jr., Donald S. Hurwitz, Joseph G. Finnerty, Donald L. Merriman, Baltimore, Md., Charles S. Sures, Silver Spring, Md., John Idomir, Washington, D. C., DeHaven L. Smith, Baltimore, Md., for defendants.

WINTER, District Judge:

Motions to strike claims filed by certain defendants and cross-claim plaintiffs in the above entitled interpleader raise the question of who may press claims to the funds on deposit in the Registry of the Court. Specifically, the question is whether those persons suffering personal injury, or property damage, or both, who failed to assert a claim, independently or in the interpleader, within six months after the appointment of an administratrix of the estate of Felishia Clementine Harris, deceased (the omnibus insured whose negligence has been adjudicated to be the sole cause of the numerous claims filed, and who died as the result of her own negligence), are barred by Annotated Code of Maryland, Article 93, § 112 (1957) from sharing in the distribution of the fund. The Home Insurance Company ("Home") insured a certain Ronald Coleman Garner who lent his car to the deceased for her purposes, thereby constituting her an insured under the policy. The accident giving rise to the claims, and as a result of which the deceased died, occurred October 2, 1963, and the administratrix

qualified December 11, 1963. Home filed the above case on May 19, 1964.

Upon the filing of the interpleader, which as originally instituted did not join the administratrix as a defendant, the Court entered an order *to show cause* why (a) all defendants should not be enjoined or restrained from instituting or prosecuting any action against Home or its insureds, (b) the prosecution of Civil Actions Nos. 15277 and 15278, pending in this Court, should not be specifically enjoined, and (c) all defendants should not be required to interplead to assert their respective claims and settle among themselves their rights in regard to the insurance policy proceeds deposited in the Registry of the Court. Cause was required to be shown by each defendant within twenty days from the date of service of the order on him. Certain defendants responded promptly and moved to dismiss and to dissolve the "restraining order," but this motion was denied. A motion to require the administratrix and the named insured, Ronald Coleman Garner, to be made parties defendant to the litigation, and directing process to issue was made and granted; and, on July 21, 1964, after hearing and a determination that the Harris estate was without assets or any reasonable expectation of realizing assets, an order was entered enjoining and restraining defendants from instituting or prosecuting any litigation arising out of the accident, subject to the right of any party to make application for modification or dissolution of the order in certain regards.

Those claimants against whom the instant motions are directed fall into several categories. First, some were not served within six months after December 11, 1963, but answered either the show cause order within the twenty days specified in the order, the interpleader within twenty days from the date of service as required by Rules 22(2) and 12(a), Federal Rules of Civil Procedure, or the interrogatories served with the interpleader by leave of Court within fifteen days of service as required by Rule 33, Federal Rules of Civil Procedure. Second, others were not served within six months after December 11, 1963 and failed to respond in any way within the designated periods after service. Third, still others were served within six months of the appointment of the administratrix, but failed to make any response within the required periods; and fourth, several were served within six months of appointment and responded within the proper time allowances but after the six month period had elapsed.

The claimants pressing the instant motions had either sued the deceased's estate prior to the filing of the interpleader and responded in timely fashion to the show cause order and interpleader, or, not having previously sued the administratrix, were served in the interpleader and made timely response prior to the six months following December 11, 1963.

The claimants pressing the motions contend that under Annotated Code of Maryland, Article 93, § 112, only those claims filed within six months from the date of qualification of the administratrix may share in the funds in the Registry of the Court. Those opposing the motions argue that since only the administratrix can assert limitations, the claimants pressing the motions have no standing to assert the point, and, alternatively, that the six months' limitation contained in § 112 has, under various theories, been waived, or that those pressing the motions are estopped to assert them.

■ Annotated Code of Maryland, Article 93, § 112, does fix a period of six months from the date of qualification of the administratrix of an intestate as the time limit in which claims against the intestate's estate may be asserted.[1] The

---

1. "112. What actions may be brought by and against executors and administrators. Executors and administrators shall have full power to commence and prosecute any personal action whatever, at

law or in equity, which the testator or intestate might have commenced and prosecuted, * * *; *and they shall be liable to be sued in any court of law or equity, in any action (except*

decisions of the Court of Appeals of Maryland which have considered § 112 indicate that the six months' limitation, being a part of a statute which modified the common law abatement of actions by death, is a part of a claimant's substantive right to sue and not a mere statute of limitations which bars the remedy, but does not extinguish the right. Cornett v. Sandbower, 235 Md. 339, 201 A.2d 678 (1964); Chandlee v. Shockley, 219 Md. 493, 150 A.2d 438 (1959). However, Annotated Code of Maryland, Article 93, § 106,[2] provides that administrators and executors are not obliged to plead limitations, and Cornett v. Sandbower, supra,[3] and Chandlee v. Shockley, supra, recognize that an administrator or executor may waive the six months' limitation provided in § 112, or by his actions be estopped to assert it. That the six months is a part of the substantive right

would seem to provide the claimants pressing the motions with standing to press them, absent the administratrix's exercising her discretion under § 106, although, in Gordon v. Small, 53 Md. 550, 559 (1880), an alternate holding on one of many issues suggests to the contrary.

The question resolves itself to whether the administratrix waived the six month period or is estopped to deny it. The Court concludes that the administratrix has waived the six months' period as to all claimants.

As originally filed, the interpleader did not join the administratrix as a defendant. It alleged, however, that the administratrix had admitted legal responsibility of her decedent for the collision, had stated that her decedent's estate was insolvent, and had requested Home "to pay all claims and indemnify all persons having claims arising out of said colli-

---

*slander) which might have been maintained against the deceased; * * * provided, however, that any such action for injuries to the person to be maintainable against an executor or administrator must be commenced within six calendar months after the date of the qualification of the executor or administrator of the testator or intestate."* (Emphasis supplied.)

2. "106. Executors and administrators not bound to plead limitations.

It shall not be considered as the duty of an administrator or executor, to avail himself of the act of limitations to bar what he supposes to be a just claim, but the same shall be left to his honesty and discretion. One of two or more administrators or executors, however, may avail himself of the act of limitations on behalf of all of the administrators, or executors, and his act in so doing shall be taken to be the act of all the administrators or executors."

3. "Waiver resulted, he maintains, first, from the fact that the appellant's claim for damages was negotiated with the decedent's insurer, which he asserts was the agent of the appellee; * * *.

In Chandlee v. Shockley, 219 Md. 493, 150 A.2d 438 (1959), this Court held that an administrator * * * may waive or be estopped to rely upon the time limit in the statute, if the delay in filing suit was induced by the administrator. It

was further held that allegations in the declaration asserting that the administrator had told the plaintiff not to file suit because his claim would be settled and that limitations would not be asserted as a bar, if proven, could be the basis for waiver or estoppel. * * * [W]here a party has been kept in ignorance of his rights by the fraud of the party against whom relief is sought, the statute will not necessarily bar the action. Citizens Nat. Bank of Havre de Grace v. Leffler, 228 Md. 262, 269–270, 179 A.2d 686 [100 A.L.R.2d 1088] (1962).

In the instant case, however, there is no indication that the delay in filing suit was induced by any action of the appellee. * * * [T]he only conclusion that can be drawn from the evidence is that the delay was due to a lack of diligence on the part of the appellant. The grounds asserted as a basis for holding that there was a waiver are not persuasive. There was no showing that the decedent's insurer was acting as the appellee's. agent in its correspondence with the appellant, but even if it was, there is nothing in the record to show that the insurer held out any inducement not to file suit or indicated in any way that limitations would not be pleaded. * * *

While Art. 93, sec. 106, permits the administrator to waive the limitations proviso in his discretion, it is obvious that the appellee has not elected to do so." 235 Md. at 342–343, 201 A.2d at 680.

sion from the proceeds of the aforesaid policy of insurance." After having been made a party to the interpleader and being served, the administratrix did not file an answer thereto, but the administratrix appeared as a witness in an earlier stage of proceedings when evidence was taken on the issue of whether the Harris estate was possessed of any assets and had any reasonable expectation of receiving any assets, and the administratrix testified that she consented to the filing of the interpleader. Her written authorization was also admitted into evidence.

Home's liability to the claimants depends upon the liability of the deceased to the claimants. Under the policy in question, Home's liability is not established until such liability " * * * shall have been finally determined either by judgment against the Insured after actual trial or by written agreement of the Insured, the claimant, and the Company." It follows that Home, before judgment, would be liable only to the extent that Home and its insured agreed to be liable, and that, as a matter of fact, by filing the interpleader and depositing the policy limits with the Registry of the Court, Home and its insured agreed to be liable to the extent of the limits of Home's policy. To the extent of the policy limits, the administratrix has thus consented to be liable to the claimants who can establish that they sustained personal injury or property damage as a result of the accident, and has waived any defenses of limitations against any claim that the Court may allow upon terms and conditions agreeable to the Court.

Since the Court concludes that the six months' limitation has been waived, those claimants who have asserted their claims within the times fixed by the Court are entitled to press them. Persons who asserted a claim by filing suit against the administratrix before the filing of the interpleader fall into this category, as do those who asserted a claim in the interpleader within twenty days after service of process on them. The Court considers that those claimants who answered the show-cause order, or answered the interpleader, within twenty days of service upon them without asserting a claim but subsequently filed a claim have complied with the Court's orders and may press their claim to a portion of the fund. Similarly, those claimants who answered the interrogatories in regard to damages within fifteen days after service thereof are also considered to have asserted a claim in compliance with the Court's orders.

█ There remains the problem of claimants who have asserted a claim in some form but not within twenty days after service of process on them. Rule 6 of the Federal Rules of Civil Procedure, the text of which is set forth in the margin,[4] permits a court, under certain circumstances, to enlarge the time within which an act was required to be done, even though the time for doing the act has expired. In argument on the instant motions, counsel for some of the claimants stated they obtained informal extensions of time in which to file various responses from counsel for Home. The Court would deem this a sufficient basis to grant a formal extension of time now. There may be other reasons to explain why other claimants did not file a claim within twenty days after service of process on them. The Court will, therefore, entertain at this time petitions for an extension of time in which to file a claim on behalf of any claimant who

---

4.          "Rule 6.
Time

"(b) Enlargement. When by these rules or by a notice given thereunder, or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; * * *."

failed to file within the time prescribed by Court order. Except where an extension may be hereafter granted, claims not timely filed in one of the forms previously approved will be stricken; otherwise, the instant motions are denied.

Counsel may agree on a form of order.