### DIXON, ET AL. *v.* CHECCHIA, ADMINISTRATOR OF THE ESTATE OF PASQUALE CHECCHIA

[No. 74, September Term, 1967.]

*Decided February 14, 1968.*

The cause was argued before HAMMOND, C. J., and HOR-
NEY, MARBURY, BARNES, FINAN and SINGLEY, JJ.

*W. Byron Sorrell,* with whom were *Richard S. Paulson,
Arthur D. Leach* and *Sorrell & Paulson* on the brief, for ap-
pellants.

*John J. Mitchell,* with whom were *Donahue, Ehrmantraut,
Mitchell & Gleason* on the brief, for appellee.

BARNES, J., delivered the opinion of the Court.

This is an appeal from the granting of defendant's motion
for summary judgment in the Circuit Court for Prince George's
County (Bowie, J.). The plaintiffs-appellants argue (1) that an
amendment to Code (1957), Article 93, Section 112, effective
June 1, 1966, extending, in certain instances, the time in which
an action may be instituted against an executor or administrator
is applicable to an action arising out of an accident occurring
prior to the effective date of the amendment, and (2) that, in
any event, the defendant-appellee is estopped from pleading and
relying upon the six month requirement for the institution of
suit. We disagree and will affirm the order of the lower court.

(1)

It was alleged in the court below, by a declaration filed on

September 28, 1966, that the appellant, Augusta E. Dixon (Mrs. Dixon), and the appellant, Robert Edward Dixon (Mr. Dixon), were involved in an automobile accident in Prince George's County with Pasquale Checchia (Checchia) on February 16, 1965, and that they sustained damages as a result of his negligence. It was further alleged that Checchia died on October 25, 1965, that Anthony Checchia was appointed administrator of the decedent's estate on December 10, 1965, by the Orphan's Court of Montgomery County, and that the "plaintiffs (appellants here) are entitled to bring this action pursuant to Section 112 of Article 93 of the Annotated Code of Maryland (1964 Replacement Volume) as amended by the Legislation of 1966."

Article 93, Section 112, prior to the 1966 amendment provided, in relevant part, as follows:

> "[T]hey [the administrator or executor] shall be liable to be sued in any court of law or equity, in any action (except slander) which might have been maintained against the deceased; * * * *provided, however, that any such action for injuries to the person to be maintainable against an executor or administrator must be commenced within six calendar months after the date of the qualification of the executor or administrator of the testator or intestate."* (Emphasis supplied).

The relevant part of Article 93, Section 112, as amended effective June 1, 1966, is as follows:

> "[T]hey shall be liable to be sued in any court of law or equity, in any action (except slander) which might have been maintained against the deceased; * * * provided, however, that any such action maintainable against an executor or administrator must be commenced within six calendar months after the date of the qualification of the executor or administrator of the testator or intestate; *except that such action against the estate of a testator or intestate may be instituted after the expiration of six months but within the statute of limitation in the event the deceased was cov-*

*ered by an existing insurance policy at the time of the occurrence, the existence of such insurance coverage not being admissible at the trial of the case and the recovery in the event of a judgment against the estate to be limited to the extent of such existing insurance."* (Emphasis supplied).

If the pre-1966 Section 112 applies, the appellants had to begin their action by June 10, 1966.[1] If the 1966 amendment, effective June 1, 1966, applies, the appellants' declaration filed September 28, 1966, was timely.

In deciding which law applies, this Court must look to the intent of the Legislature. *Janda v. General Motors,* 237 Md. 161, 168-69, 205 A. 2d 228, 232 (1964). In *Janda,* Judge Hammond (now Chief Judge) noted that "various rules have been formulated by the courts to aid in determining whether a statute is to be applied retrospectively or prospectively." He stated rule (2) as follows:

"(2) Ordinarily a statute affecting matters or rights of substance will not be given a retrospective operation as to transactions, matters and events not in litigation at the time the statute takes effect: '* * * unless its words are so clear, strong and imperative in their retrospective expression that no other meaning can be attached to them, or unless the manifest intention of the Legislature could not otherwise be gratified. * * * (citing cases). An amendatory Act takes effect, like any other legislative enactment, only from the time of its passage, and has no application to prior transactions, unless an intent to the contrary is expressed in the Act or clearly implied from its provisions.' *Tax Comm. v. Power Company,* 182 Md. 111, 117."

---

1. An argument could possibly be made that the appellant Mr. Dixon, who sought to recover for damages to his car, would not be barred by the six month limitation contained in the pre-1966 Section 112. The limitation clause uses the phrase "action for injuries to the person," while the 1966 amendment uses "any such action." This point, however, was not argued in this Court or in the court below.

In *Chandlee v. Shockley,* 219 Md. 493, 150 A. 2d 438 (1959), Judge (now Chief Judge) Hammond pointed out that the period of limitations in Section 112 is set forth in the statute and is considered a part of the grant of the right itself. The limitation period in Article 93, Section 112 is a part of the substantive right that did not exist at common law but is wholly conferred by the statute. See *Chandlee, supra.* We think rule (2) is controlling.

The appellants argue that in ascertaining the intention of the Legislature the Court should note that the application of the 1966 amendment would not defeat the policy of Section 112, i.e., the speedy distribution of estates, since recovery is limited to the amount of the insurance policy, and that the Legislature could have expressly provided that the new provision would only apply to the cases in which the insurance policy was entered into by the decedent after June 1, 1966—the effective date of the statute. We agree that the 1966 amendment does not defeat the policy of the six month limitation in Section 112, and this, presumably, is why the Legislature amended it. We are not persuaded by the argument that the Legislature could have specifically provided for prospective application if it so intended, for, as pointed out above in rule (2), the general rule is otherwise, i.e., "unless its [the statutes] words are so clear, strong and imperative in their retrospective expression that no other meaning can be attached to them, or unless the manifest intention of the Legislature could not otherwise be gratified."

The appellants further urge that two cases, *Ireland v. Shipley,* 165 Md. 90, 166 A. 593 (1933), and *Mayor and City Council of Baltimore v. Perticone,* 171 Md. 268, 188 A. 797 (1937), construing amendments to the workmen's compensation laws, are controlling here. We disagree.

In *Ireland v. Shipley, supra,* the Court was concerned with the intent of the Legislature in its repeal and re-enactment of Section 54, Article 101 by Chapter 342 of the Acts of 1931. Prior to Chapter 342 of the Acts of 1931, Section 54 read as follows:

> " 'The powers and jurisdiction of the Commission over each case shall be continuing and it may from time to time make such modifications or change with respect

to former findings or orders with respect thereto as in its opinion may be justified.' "

By Chapter 342 the following was added:

" '[P]rovided, however, that no modification or change of any final award of compensation shall be made by the Commission unless application therefor shall be made to the Commission within one year next following the final award of compensation.' "

The appellant in *Ireland* had received his "final award" in 1921, seven years before the amendment limiting the time for application for modification to one year following the final award. The Court, after stating the general rule in terms substantially similar to rule (2) set out above, held that the amendment could not be applied retrospectively so as to bar completely the appellant's "valuable right" to make application for a modification of the final award. The Court did, however, hold that the amendment would be applied to require the appellant to make application for modification within one year of the effective date of the amendment. The amendment was given this limited retroactive application in order to carry out the "purpose and intent" of the Legislature. See rule (2) above. The Court said:

"The rational basis of the policy underlying the act is that there be some definite time limit in respect to the award of compensation, in order that employers may organize their businesses and insurers adjust their rates with an intelligent comprehension of the demands they may be called upon to meet. That purpose would be largely frustrated if any claim which had been dealt with prior to the Act of 1931 could be again considered at any time in the future."

In the instant case this Court is not confronted with a situation where all prior cases would remain forever open in the face of the Legislature's intent to allow employers and insurers to make an intelligent prediction of probable demands if some retroactive effect is not given to the amendment. In this case there is no clear language in Section 112 requiring retroactive

application and the Legislature's intent can be carried out by a prospective application.

*Mayor and City Council of Baltimore v. Perticone, supra,* urged as controlling by appellants, is factually similar to the instant case, but it is not controlling. Article 101, Section 39 was amended to allow a 60 day, rather than a 30 day, period within which to file an application for compensation. As amended by Chapter 237 of the Laws of 1935, Section 39 read, in part, as follows:

> "When an employee is entitled to compensation under this Article, he shall file with the Commission his application and the report of the physician, * * * within sixty days after the beginning of his disability, for which compensation is claimed, and failure to do so, unless excused by the Commission, either on the ground that the insurance carrier or the employer has not been prejudiced thereby, or for some other sufficient reason, shall be a bar to any claim under this Article; provided, however, that failure of an employee to file a claim for compensation within one year after the beginning of his disability shall constitute a complete bar to any claim under this Article, unless it shall be established that failure to file such claim was induced or occasioned by fraud, or by facts and circumstances amounting to an estoppel, * * *."

The amendment was to take effect June 1, 1935, and the Court in *Perticone* held it applicable, by allowing 60 days to file, to a claim arising out of an accident occurring on May 13, 1935. This holding is not inconsistent with rule (2), set out above, for the time for filing is not a substantive part of the right as it is in Section 112 of Article 93. *Perticone* was decided in the light of cases such as *Broniszewski v. Balto. & O. R. Co.,* 156 Md. 447, 458, 144 A. 345, 349-50 (1929), which stated, in considering Section 39 of Article 101:

> "There is much force in the position that where a statute creates a right which did not exist at common law and prescribes the time within which a proceeding must be taken to enforce the right, the limitation

affects the right and not the remedy, and the expiration of the statutory period extinguishes the right. However, the fact that the limitation is contained in the statute is material only as bearing on the construction whether the time fixed is a limitation or condition of such right or applies solely to the remedy. *Davis v. Mills,* 194 U. S. 451, 454, 48 L. ed. 1070.

*"The court was under a statutory compulsion to give the law its more beneficial construction, and since the later cases have held the time fixed to affect the remedy and not the right, and must be pleaded to be available as a defense, the court is compelled to accept these decisions as being the precedents to be followed."* (Emphasis supplied).

### (2)

Appellants claim that even if the 1966 amendment is not applicable, the appellee is estopped to plead the six months limitation period. We disagree.

Assuming, without deciding, that this issue was properly raised in this Court, we do not think the appellants have alleged sufficient facts to constitute an estoppel.

The appellants allege in this Court that during ten months negotiations with the decedent's insurer neither the administrator nor the insurer mentioned the insured's death. Further, that during the period of negotiations, the insurer paid a claim to the daughter of appellant Mrs. Dixon for injuries to the daughter's minor children arising out of the same accident.

In this case, the statutory notice of death was given and it is not alleged, as it was in *Chandlee, supra,* at Md. 495, A. 2d 439, that the administrator had " 'requested and induced' the appellant not to file suit and assured her 'that said claim would be settled and * * * damages paid by * * * deceased's estate without the necessity of filing suit.' " We do not think that the appellants were *induced* into filing after the expiration of the six month period.

*Order affirmed, the costs to be paid by the appellants.*